23 So.2d 545

**Ex parte STATE ex rel. HEFLEY.**

**STATE ex rel. HEFLEY v. McELROY.**

**6 Div. 395.**

Supreme Court of Alabama.
Oct. 18, 1945.

Barber & Barber, of Birmingham, for petitioner.

Rosenthal & Rosenthal, of Birmingham, for respondent.

208

STAKELY, Justice.

This case involves the right of revivor under § 153, Title 7, Code of 1940. The cases comes here on an original petition to this court for mandamus to compel Hon. J. Russell McElroy, Presiding Judge of the Tenth Judicial Circuit of Alabama, to vacate an order overruling a motion to make W. E. Gant, as administrator cum testamento annexo of the estate of W. C. McCarty, deceased, a party to a cause pending in the aforesaid circuit court. The cause referred to was instituted by Earnest Hefley (petitioner) against W. C. McCarty and W. C. McCarty, Jr. W. C. McCarty is now deceased.

The aforesaid suit was instituted on May 12, 1938. It is based on an alleged claim against the defendants for maliciously conspiring to extort from the plaintiff a considerable sum of money by wrongfully, maliciously and without probable cause interfering with the relations of the plaintiff and his employer, Southern Railway Company, by garnishment of the plaintiff's wages. W. C. McCarty died June 18, 1938. On June 29, 1938, W. C. McCarty, Jr., in accordance with the will of the deceased, was appointed as executor under the will of W. C. McCarty and qualified as such representative. On September 21, 1938, the aforesaid suit was revived as against the decedent in the name of W. C. McCarty, Jr., as executor under the will of W. C. McCarty. The suit is still pending. The petition for mandamus contains the following allegation: " * * * that on towit: the 16th day of November 1938 the said W. C. McCarty Junior attempted to resign or began his proceedings to resign as such personal representative of the estate of his said decedent by placing in the files of the Equity Division of the Circuit Court of Jefferson County, Alabama (to which Court the administration of the estate of W. C. McCarty Senior had been, in the meantime removed) his resignation in writing, whereupon on the said 16th day of November 1938 the said W. E. Gant was by said Circuit Court appointed administrator cum testamento annexo of said estate; but your petitioner shows that the said W. C. McCarty Junior, since his said attempted resignation has taken no further steps toward bringing about his discharge as such officer, nor has he ever been discharged by any court from his said trust office of executor under the will of W. C. McCarty, deceased, nor can he 'allege his resignation in defense to any action or proceeding, without an averment that he has settled his administration and delivered over the assets of the Estate' of W. C. McCarty, deceased to his successor, W. E. Gant, administrator cum testamento annexo, as is provided by 1940 Code, Title 61, Section 116; * * *."

On the 10th day of July, 1945, petitioner filed the following motion in said cause: "Now comes the plaintiff and shows unto the court that on towit: the 16th day of November, 1938 W. E. Gant was duly qualified as administrator cum testamento annexo of the estate of the deceased defendant W. C. McCarty and is now such officer; wherefore, premises considered, the plaintiff moves the court that W. E. Gant in his capacity as administrator cum testamento annexo be made a party defendant to this suit as provided by 1940 Code 61:121."

On a hearing on the aforesaid motion Judge McElroy entered a judgment overruling the motion. The judgment entry contains the following: "The above and foregoing motion coming on to be heard, it was admitted and agreed by and between the parties to said motion that November 3, 1938, W. C. McCarty, Jr. resigned his office as executor of the estate of W. C. McCarty, Sr., deceased, and that on November 16, 1938, W. E. Gant was appointed administrator cum testamento annexo of the estate of W. C. McCarty, Sr., deceased."

On August 4, 1945, plaintiff made a motion to reverse the aforesaid judgment on the motion. The motion to reverse was overruled by Judge J. Russell McElroy, as Presiding Judge of the Tenth Judicial Circuit of Alabama.

The answer of Judge McElroy sets forth the legal basis for the ruling of the court. The case is here submitted on petition for mandamus and the answer thereto.

Section 153. Title 7, Code of 1940, provides as follows: "§ 153. When actions do not abate by death; revivor in twelve months.—No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, with-

in twelve months thereafter, be revived in the name of or against the legal representative of the deceased, his successor, or party in interest; or the death of such party may be suggested upon the record, and the action proceed in the name of or against the survivor."

■ The foregoing statute was construed by this court in Brown v. Tutwiler, 61 Ala. 372; Beasley et al. v. Howell, Adm'r, 117 Ala. 499, 22 So. 989; Ex parte Howell, 118 Ala. 178, 24 So. 500; Waller, Adm'r v. Nelson, Adm'r, 48 Ala. 531; and Evans v. Welch, 63 Ala. 250. Under these decisions the statute is mandatory and the motion to revive must be made within twelve months after the occurrence of disability. Contrary to the contentions of petitioner, the statute is applicable to a situation where there is a successor to the personal representative originally appointed. Authorities, supra. Here there is no need to consider whether the statute runs from the death of W. C. McCarty or from the resignation of W. C. McCarty, Jr., as executor. For nearly seven years had passed even after the appointment of Gant, as administrator cum testamento annexo, before the motion to revive was made. The motion to revive was made too late.

■ Section 121, Title 61, Code of 1940, does not aid petitioner. It is sufficient to say that this section applies according to its own language only to actions "commenced by or against the personal representative of a decedent." Beasley et al. v. Howell, Adm'r, supra. In the case at bar the action was commenced not against the personal representative, but against W. C. McCarty.

■ It is insisted that under § 116, Title 61, Code 1940, the resignation of W. C. McCarty, Jr., as personal representative of the deceased, is ineffectual since he has not settled his administration as required by this section. But the motion to revive against W. E. Gant, as administrator cum testamento annexo, must necessarily concede and be predicated on an effectual resignation of W. C. McCarty as executor. Besides, according to the record before us it was agreed between the parties that W. C. McCarty, Jr., did resign his office as executor and W. E. Gant was appointed administrator cum testamento annexo. We are governed in this regard by the record on which petition for mandamus is here submitted.

Our holding in this case is not in any way contrary to what this court said in Gant v. Gilmer, 245 Ala. 686, 18 So.2d 542, 543, as argued by petitioner. In that case W. E. McCarty, Jr., during his incumbency as executor, controverted and contested a claim against his decedent's estate. While the contest was pending, W. C. McCarty, Jr., resigned as executor and W. E. Gant was appointed administrator cum testamento annexo. Accordingly W. E. Gant, as such personal representative, had "the right to take up the contest and prosecute it to final determination." Gant v. Gilmer, supra. Section 121, Title 61, Code of 1940, expressly so provides. Reynolds v. Crook, 95 Ala. 570, 11 So. 412.

The court acted correctly in overruling the motion to make W. E. Gant, as administrator cum testamento annexo of the estate of W. C. McCarty, deceased, a party to the cause.

Writ denied.

GARDNER, C. J., and FOSTER and SIMPSON, JJ., concur.