The issue on appeal is whether the trial court properly dismissed an action because of a party's failure to file a motion for substitution, within six months after a suggestion of death upon the record, as provided for by ARCP 25 (a). We affirm.
The administrator of the Estate of Myrtis Hinote, Herbert W. Hinote, filed the original action from which this appeal arises, against the appellee, Doctors Hospital of Mobile, and other defendants, on December 6, 1979. The parties filed pleadings and engaged in discovery through September, 1981. On September 6, 1981, Herbert Hinote died.
The record indicates that counsel for Doctors Hospital filed a suggestion of death on September 14, 1981, with the Circuit Court of Mobile County. On that same date, the record further indicates, Doctors Hospital filed a notice of deposition, noticing the depositions of Dorles Starr and Gregory Starr, with the Mobile Circuit Court. The parties disagree on this point: Whether the lawyer for the appellant received an envelope allegedly containing the suggestion of death from the attorney representing Doctors Hospital. The envelope also allegedly contained a letter dated September 14, 1981, and a copy of the notice of deposition.
On March 23, 1982, six months after the filing of the suggestion of death, Doctors Hospital filed a motion to dismiss the complaint, and stated as grounds for the dismissal the provisions of ARCP 25 (a).
"Rule 25
"SUBSTITUTION OF PARTIES"
"(a) Death.
 "(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."
On March 29, 1982, the plaintiff filed two motions: a motion in opposition to the motion to dismiss and a motion to substitute Dorles Starr, the appellant, administratrix of the Estate of Herbert Hinote, as plaintiff in the lawsuit.
The trial court held a hearing on the motions. At the hearing the parties introduced evidence and the attorneys for both sides testified. Another attorney, Warren Lightfoot, also testified. He represented Puritan Bennett, another defendant in the case. Lightfoot testified that he had received copies of the September 14, 1981 *Page 828 
letter, the suggestion of death, and the notice of deposition. The copies were introduced as evidence at the hearing.
Lightfoot further testified that he received the documents on September 16, 1981, and that the envelope was postmarked September 14, 1981. Jerry A. McDowell, the attorney representing Doctors Hospital, testified that he sent the letter and the other two documents to the plaintiff's attorney. The record indicates that the letter was addressed: Taylor D. Wilkins, Jr., Esq., Messrs. Wilkins, Bankester Biles, P.A., Post Office Box 1140, Bay Minette, Alabama 36507.
Wilkins testified that he had never seen the September 14th letter, the suggestion of death, or the notice of deposition. His secretary and two lawyers with his firm also testified that they had never seen the contents of the envelope allegedly mailed on September 14, 1981.
The evidence was quite obviously conflicting. After considering the evidence, the trial judge denied the appellant's motion to revive and granted Doctors Hospital's motion to dismiss the complaint. That judgment is the subject of this appeal.
The appellant urges this Court, in accordance with ARCP 6 (b), to enlarge the period for filing a motion for substitution pursuant to ARCP 25 (a). Dorles Starr argues that she failed to make a motion for substitution within the specified six-month period because her attorney, Wilkins, never received a suggestion of death. She asserts that her inaction constitutes "excusable neglect," ARCP 6 (b)(2).
Starr does not claim that the appellee never mailed the suggestion of death but, instead, claims that Wilkins never received the suggestion at his office.
This Court has established the standard of review in cases regarding questions concerning delivery of letters mailed in the postal system of the United States.
 "The presumption of the law is that a letter, properly addressed with sufficient postage, and unreturned to the sender whose address is shown on the envelope, was received by addressee. Harrell v. Alabama Farm Bureau Mutual Casualty Insurance Co.
[287 Ala. 259, 251 So.2d 220 (1971)], supra. Tillery's statement that he did not receive the notice, without more, does not overcome the presumption that he received it. Moreover, this case was tried ore tenus and we cannot say that the trial court was palpably wrong in reaching its findings of fact. It is, of course, our well settled rule that where the trial court heard conflicting evidence ore tenus, the trial court's decision is presumed to be correct on appeal and will not be disturbed unless plainly wrong or unjust. State v. City Wholesale Grocery Co., 283 Ala. 426, 218 So.2d 140 (1969)."
Currie v. Great Central Insurance Co., 374 So.2d 1330, 1332
(Ala. 1979). The trial court heard the case ore tenus. The evidence was conflicting. The appellant has the burden to show that the court's findings were "plainly wrong or unjust." We find the appellant has not sustained that burden.
The issue presented in this appeal is distinguishable from the recent decision of Piel v. Dillard, 414 So.2d 87, 90
(Ala.Civ.App. 1982). In Piel the court faced the question of whether the documents were mailed to the opposing counsel's "last known address."
The trial court found that the motion for substitution was not made within six months after the suggestion of plaintiff's death; therefore, the trial court ruled correctly in denying the motion of plaintiff to revise and in dismissing the cause of action. That judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY, BEATTY and ADAMS, JJ., concur.
JONES, ALMON and SHORES, JJ., dissent. *Page 829