This is an appeal from an order granting a motion to dismiss based upon non-compliance with Rule 25 (a)(1), A.R.Civ.P. We affirm.
Elmon Smitherman was an elderly, allegedly mentally incompetent resident of Briarcliff Nursing Home. While in the care of the nursing home, he suffered an injury which necessitated amputation of his right leg. Ultimately, his sister, Dorothy Henderson, brought an action based upon negligence against the nursing home. On May 28, 1982, she filed the action as "guardian, next friend, and personal representative."
Smitherman died on June 14, 1982. On November 9, 1982, Briarcliff Nursing Home entered a suggestion of death upon the record. Rule 25 (a)(1), A.R.Civ.P. Later, on June 24, 1983, Briarcliff moved to dismiss the action on the ground that, following the suggestion of death, more than six months had transpired without any motion for substitution having been made as provided by Rule 25 (a)(1), A.R.Civ.P. Following a hearing, this motion was granted.
Rule 25 (a)(1) provides:
 "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."
Dorothy Henderson argues that no motion for substitution was necessary in this case for several reasons. She argues that Elmon Smitherman was incompetent in fact, and that she was his "next friend" who handled his affairs. Although he had never been declared incompetent, nevertheless, she maintains, she had begun a proceeding to have herself appointed guardian prior to his death. That proceeding was rendered moot when Smitherman died. In effect, therefore, she says, she was Smitherman's "personal representative," and thus was the "proper party" in the lawsuit already, under Rule 17, A.R.Civ.P.
Briarcliff, on the other hand, insists that Smitherman, even if incompetent, was the real party in interest. In this, Briarcliff is correct. The real party in interest is the party possessing the substantive right being asserted. Wright 
Miller, Federal Practice and Procedure, Civil § 1541 at 635;Frazer v. Alabama State Policeman's Association, 346 So.2d 959,961 (Ala. 1977).
The designation of Dorothy Henderson as guardian, next friend, and personal representative did not, ipso facto, make Dorothy the real party in interest. In such a capacity she was only pursuing Smitherman's right, not her own. Cf. Maples v.Chinese Palace, Inc., 389 So.2d 120, 123 (Ala. 1980) (minor is real party in interest when one sues as next friend of minor). Thus, even if Smitherman had been determined to be incompetent, he would have been the real party in interest in the action.
Moreover, Dorothy Henderson was not personal representative before Smitherman's death. The term "personal representative" includes an "executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under *Page 284 
the law governing their status." Code of 1975, § 43-8-1 (24). Such a status is judicially conferred, and only upon one first found to be a fit person to serve. Code of 1975, §§ 43-2-20, -40.
This Court has consistently adhered to the principle that "a suggestion of death filed by the attorney for a deceased party [or, under Rule 25 (a)(1), by any party] initiates the running of the period for filing a motion for substitution under Rule 25 (a)(1)." Brown v. Wheeler, 437 So.2d 521, 523 (Ala. 1983).Accord, Starr v. Doctors Hospital, 426 So.2d 826 (Ala. 1983). Consideration of the purpose for Rule 25 (a) and its predecessor, Code of Ala. 1940 (Recomp. 1958), Tit. 7, § 153, discloses that this provision for revival of an action was mandatory. Ex parte State ex rel. Hefley, 247 Ala. 207,23 So.2d 545 (1945). The language of Rule 25 (a)(1) is still mandatory:
 "Unless the motion for substitution is made not later than six months after the death is suggested . . ., the action shall be dismissed as to the deceased party."
We have no alternative but to affirm the order of the trial court, as it had no alternative but to dismiss the action for the failure of a timely motion for substitution.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.