Ronald Louis GARCIA, as Personal Representative of the Estate of Cheryl Lynn Garcia, deceased, Plaintiff-Appellant,

v.

TITLE INSURANCE COMPANY OF MINNESOTA, a Colorado corporation, Defendant-Appellee.

No. 84CA0527.

Colorado Court of Appeals, Div. II.

Oct. 17, 1985.

As Modified on Denial of Rehearing Nov. 21, 1985.

Rehearing Denied Dec. 19, 1985.

David M. Korrey, P.C., David M. Korrey, Martin E. McKinney, Aurora, for plaintiff-appellant.

Towey & Zak, Deborah A. Sperlak, Edward B. Towey, Denver, for defendant-appellee.

STERNBERG, Judge.

In this action to recover under a title insurance policy, the trial court, after the death of plaintiff Cheryl Lynn Garcia (decedent), dismissed the claims of decedent with prejudice. On appeal by decedent's personal representative, we affirm the dismissal but remand for determination of whether the dismissal should be with or without prejudice.

After decedent's death in August 1983, plaintiffs' attorneys, acting pursuant to C.R.C.P. 25(a)(1), duly filed a suggestion of death on September 9, 1983. On February 6, 1984, Title Insurance Company of Min-

nesota filed a motion to dismiss the claims of decedent alleging there had been a failure to substitute within 90 days of the suggestion of death as required by C.R. C.P. 25(a)(1). The estate of decedent was opened February 10, and decedent's spouse, plaintiff Ronald Louis Garcia, was named as personal representative. A motion to substitute the estate for decedent as party-plaintiff was filed eleven or more days later.

After a hearing, the trial court ordered dismissal with prejudice of decedent's claims. The order included a finding that no showing of excusable neglect had been made.

## I.

■ Decedent's personal representative first argues that the rule requires substitution by a party adverse to the deceased. He contends that a personal representative cannot respond within 90 days, the argument proceeds, is burdensome and harsh, and not reasonably contemplated by the rule. We disagree.

C.R.C.P. 25(a)(1) provides procedures for avoiding abatement of actions pending at the time of death of a party. If the claim in suit survives, upon motion, "proper parties" may be substituted for the deceased. Service of suggestion of death triggers the mandatory language of the rule. Unless the motion for substitution is made within 90 days of such service, the action *"shall be* dismissed as to the deceased party." Both the suggestion of death and the motion *"shall be* served on the parties as provided in Rule 5 and upon persons not parties in the matter provided in Rule 4....." C.R.C.P. 25(a)(1) (emphasis added).

Colorado case law interpreting C.R.C.P. 25(a)(1) has dealt almost exclusively with situations in which a defendant dies. In such circumstance, it is the responsibility of decedent's attorney to notify other parties and persons not parties and to file a suggestion of death. *Farmers Insurance Group v. District Court,* 181 Colo. 85, 507 P.2d 865, *cert. denied sub nom., Lambert v. Supreme Court,* 414 U.S. 878, 94 S.Ct.

156, 38 L.Ed.2d 123 (1973). "It seems quite basic and reasonable that a plaintiff's attorney [then] has the responsibility to promptly initiate the necessary inquiries to determine the identity of a person to be substituted ... and to file a motion for substitution." *Farmers Insurance Group v. District Court, supra.* We hold that it is just as reasonable to place both responsibilities upon a deceased plaintiff's attorney. *See Farrington v. Benjamin,* 100 F.R.D. 474 (D.V.I.1984); *Canter v. Hyman,* 363 So.2d 29 (Fla.Ct.App.1979), *cert. denied,* 368 So.2d 1368 (Fla.1979).

We are aware that this rule creates a potential trap for the unwary. Probate matters may proceed slowly and it may not be clear who will emerge as a proper party for substitution; extensive inquiry may be required. However, plaintiff has the burden of prosecuting a case. C.R.C.P. 41(b). *See Koon v. Barmettler,* 134 Colo. 221, 301 P.2d 713 (1956). A deceased plaintiff's attorney is better placed than a defendant to communicate the necessity for action to relatives of the decedent, likely legal successors, or the attorney chosen to direct the estate, and to serve them as contemplated by C.R.C.P. 25(a)(1). While C.R.C.P. 25(a)(1) provides that a defendant may move for substitution, common sense suggests that few defendants will favor an action so blatantly against interest.

■ Finally, we note that any burdens attending a literal reading of C.R.C.P. 25(a)(1) may be lightened by other, easily obtainable procedural strategies. A suggestion of death need not be served and filed until the identity of the personal representative or other legal successor is established. *See* IV R. Hardaway & S. Hyatt, *Colorado Civil Rules Annotated* 271 (1985). The 90-day period may be enlarged before it expires by motion for extension of time or, after it expires, by motion alleging excusable neglect. C.R.C.P. 6(b). However, absent unusual circumstances, *see, e.g., Smith v. Bridges,* 40 Colo.App. 171, 574 P.2d 511 (1977), failure to proceed with either motion effectively forecloses the possibility of relief. *See AA Construction Co. v.*

*Gould,* 28 Colo.App. 161, 470 P.2d 916 (1970).

## II.

■ Plaintiff next argues that even if C.R.C.P. 25(a)(1) is read to place the responsibility of moving for substitution on a deceased plaintiff's attorney, waiting for an estate to be opened before filing the motion must be considered excusable neglect. Again, we disagree.

In this case, plaintiffs' attorneys had participated of record from the time of filing of the complaint. After decedent's death, Mr. Garcia remained their client. In a letter to opposing counsel, they stated their intention to open a probate estate for decedent and substitute the estate for her in the litigation. They indicated that Mr. Garcia would be emotionally prepared to participate in the litigation by December of 1984. Yet appropriate actions were not taken until early February 1985.

Neither a motion to extend nor a motion alleging excusable neglect was filed. The possibility of excusable neglect was until early February 1985.

Neither a motion to extend nor a motion alleging excusable neglect was filed. The possibility of excusable neglect was only raised by passing reference in plaintiffs' brief opposing defendant's motion to dismiss, filed some 173 days after suggestion of death. Further, in a hearing on this motion, in response to inquiry by the trial court, one of plaintiffs' attorneys stated that: "[They] did not claim excusable neglect." The only reason offered to justify their failure to act timely was that the attorneys did not feel they had authority to act on behalf of the deceased client or her estate until they "got [their] surviving client assigned by the probate court." We agree with the trial court that these facts do not establish excusable neglect. *See Farmers Insurance Group v. District Court, supra.*

## III.

■ Finally, decedent's personal representative contends that the trial court erred in dismissing the claims of decedent with prejudice. He argues that the trial court misinterpreted *Cheney v. Hailey,* 686 P.2d 808 (Colo.App.1984) as requiring that a dismissal under C.R.C.P. 25(a)(1) be with prejudice. The record suggests that the trial court did believe that the rule mandated dismissal with prejudice and that it was without discretion in making its ruling. Therefore, we conclude the matter must be remanded to give the trial court the opportunity to exercise its discretion in determining whether the dismissal should be with or without prejudice.

The judgment is affirmed as to the dismissal of decedent's claims and the cause is remanded for determination by the trial court whether such dismissal is with or without prejudice.

SMITH and VAN CISE, JJ., concur.