This medical negligence action was filed in 1982. It was brought by Mary Hayes Harris against her health care providers, Drs. John C. Glover and Hazel A. Joyce; Brookwood Hospital; Brookwood Clinic; Brookwood Health Services Inc.; American Medical International; Radiology Associates, P.A.; and Clara Kizer. Harris filed her complaint on August 18, 1982, at which time she was represented by attorneys Donald B. Sweeney, Jr., and Sandra K. Vinik. On February 7, 1984, Harris amended her complaint. In 1986, Steve Heninger became Harris's attorney, and the case was continually set and reset until September 18, 1989. Harris died on July 12, 1989, and her attorney filed a suggestion of death on August 10, 1989.[1] On September 12, 1989, Harris's attorney was granted a continuance from the original September 18, 1989, trial date, and the case was reset for February 26, 1990.
After filing the suggestion of death on August 10, 1989, Harris's attorney failed to file a substitution pursuant to A.R.Civ.P. 25(a)(1), which states that a substitution must be filed not later than six months after the death is suggested upon the record. At the docket call on February 23, 1990, the defendants filed a motion to dismiss the case because of noncompliance with Rule 25(a)(1). The trial court granted the motion. Harris's attorney, on February 26, 1990,[2] filed a motion to amend the complaint to substitute the administratrix of Harris's estate as plaintiff and to have the action reinstated, but the trial court, after a hearing on March 8, 1990, denied the motion. The issue before us is whether the trial court correctly denied the motion to substitute the administratrix of Harris's estate as the plaintiff and to reinstate the action.
Harris's attorney argues that the six-month time limit of Rule 25(a)(1) should not be construed as mandatory, and that, in light of Rule 6(b), a trial court, in applying Rule 25(a)(1), should have the discretion to allow a late substitution if the failure to comply with the rule has resulted from neglect that in justice and fairness should be excused. We agree with the attorney that the trial court should have such discretion. Therefore, we reverse the judgment of dismissal and remand the cause for the trial court to determine whether the late attempt to substitute was the result of excusable neglect.
Rule 25(a)(1) provides:
 "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, *Page 1253 the action shall be dismissed as to the deceased party."
(Emphasis added.)
Harris's attorney argues that the law of Alabama should allow the trial court some discretion when it is shown that the failure to substitute within the six-month period is the result of excusable neglect. Harris's attorney maintains that A.R.Civ.P. 6(b) provides that the trial court in its discretion may enlarge the time period where good cause is shown. Rule 6(b) provides:
 "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them."
Harris's attorney reasons that — because the only exclusions prescribed in Rule 6(b) are Rules 50(b), 52(b), 59(b), (d), and (e), and 60(b) — by inference Rule 6(b) applies to Rule 25. However, in Henderson v. Briarcliff Nursing Home, 451 So.2d 282
(Ala. 1984), we stated:
 "This Court has consistently adhered to the principle that 'a suggestion of death filed by the attorney for a deceased party [or, under Rule 25(a)(1), by any party] initiates the running of the period for filing a motion for substitution under Rule 25(a)(1).' Brown v. Wheeler, 437 So.2d 521, 523 (Ala. 1983). Accord, Starr v. Doctors Hospital, 426 So.2d 826 (Ala. 1983). Consideration of the purpose for Rule 25(a) and its predecessor, Code of Ala. 1940 (Recomp. 1958), Tit. 7, § 153, discloses that this provision for revival of an action was mandatory. Ex parte State ex rel. Hefley, 247 Ala. 207, 23 So.2d 545 (1945). The language of Rule 25(a)(1) is still mandatory:
 " 'Unless the motion for substitution is made not later than six months after the death is suggested . . ., the action shall be dismissed as to the deceased party.'
 "We have no alternative but to affirm the order of the trial court, as it had no alternative but to dismiss the action for the failure of a timely motion for substitution."
Id. at 284.
Harris's attorney cites this Court to the recent case ofIllinois Central Gulf R.R. v. Price, 539 So.2d 202 (Ala. 1988) where we noted:
 "[T]he issue of whether the order of dismissal is discretionary with the trial court after six months, subject to denial upon a showing of excusable neglect, is not before us. See Jernigan v. Collier, 234 Ga. 837, 218 S.E.2d 556
(1975)."
Id. at 203. In Illinois Central Gulf R.R., we considered whether dismissal under Rule 25(a)(1) must be with or without prejudice where the defendant moved for dismissal with prejudice. Harris's attorney argues that our citation toJernigan in Illinois Central Gulf R.R. stands for the proposition that under Rule 6(b) Alabama allows the trial court some discretion to extend the time period prescribed in Rule 25(a)(1). However, even though the Georgia procedural rule construed in Jernigan is similar to Alabama's Rule 25(a)(1),[3]
the *Page 1254 Jernigan court specifically held that the application of Georgia's procedural rule was discretionary with the court after 180 days upon a showing of excusable neglect. In contrast, this Court has specifically held that Rule 25(a)(1) is mandatory. Henderson v. Briarcliff Nursing Home, supra;Brown v. Wheeler, 437 So.2d 521 (Ala. 1983); Starr v. DoctorsHosp., 426 So.2d 826 (Ala. 1983).
Harris's attorney further argues that A.R.Civ.P. 25(a)(1) is virtually identical to F.R.Civ.P. 25(a)(1), except for the time provided for substitution, i.e., six-months under Alabama's rule and 90 days under the federal rule. He urges this Court to adopt the more flexible approach used in F.R.Civ.P. 25(a)(1), which allows the trial court discretion in enlarging the time period where excusable neglect is shown.
We find those arguments persuasive. We recognize that Alabama cases have consistently held that the language in A.R.Civ.P. 25(a)(1) is mandatory. However, in light of the purpose of the rules and in light of their spirit — which is not to foreclose or bar meritorious claims — we hold that the six-month provision of Rule 25(a)(1) is subject to the general language of Rule 6(b) allowing the extension of a specified time period upon a determination of excusable neglect. Accordingly, to the extent that certain of our prior cases hold that the "six months" language in Rule 25(a)(1) is mandatory, we overrule those cases.
This holding requires the trial court to exercise discretion in determining, pursuant to Rule 6(b), whether there was excusable neglect warranting an extension of the time period in Rule 25(a)(1). The determination of excusable neglect will rest on the facts of each case. For example, in Wagner v. Frazier,712 S.W.2d 109 (Tenn.App. 1986), the plaintiff died while awaiting a decision from the trial court on a question of damages. One of the defendants filed a suggestion of death, but no other action was taken within the 90-day substitution period. The defendants moved for dismissal under Tennessee Rule of Civil Procedure 25.01, a rule similar to Alabama's except for the time period. The deceased plaintiff's administratrix filed a motion seeking substitution 8 days after the 90-day period had expired; she asserted that letters testamentary had been issued, and she sought an extension of time beyond the 90-day period set in Rule 25.01. The defendants argued that the rule was mandatory and that there was no showing or reason for the extension.
The trial court in Wagner, however, allowed the late substitution, finding "(1) [that] the time lapse was not an unreasonable one, and (2) [that] the case had been heard in its entirety, and (3) [holding] [that] as a matter within the court's discretion only 'dire' circumstances would compel dismissal." 712 S.W.2d at 113. The appellate court stated:
 "As is generally true, the kind of excuse that will satisfy this [excusable neglect] requirement is a function of the length of time that has passed and the possible harm to the opposite party. In this case where the suit had been fully tried and the parties were awaiting a decision from the court and the motion was made eight days after the ninety day period had run, we think the mere oversight of the plaintiff is excusable."
Id. See also Garcia v. Title Ins. Co. of Minn., 712 P.2d 1114
(Colo.App. 1985) (waiting for estate to be opened is not to be considered excusable neglect where the issue of excusable neglect was raised only by a passing reference in the plaintiff's brief opposing the defendant's motion to dismiss);Doherty v. Straughn, 407 A.2d 207 (Del. 1979) (ignorance of the rule does not constitute excusable neglect); Markan v. Sawchyn,36 Ohio App.3d 136, 521 N.E.2d 824 (1987) (excusable neglect existed where administrator of estate, appointed 99 days after suggestion of death, filed a motion for substitution 2 days after appointment); Miller v. Ladd, 140 Vt. 293,437 A.2d 1105 (1981) (excusable neglect requires some reasonable basis for noncompliance within the stated period). *Page 1255 
Based on the foregoing, the judgment of dismissal is due to be reversed and the case is remanded for further a determination as to whether there was excusable neglect.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] The record does not reveal whether letters of administration were issued. However, in oral arguments before this Court, counsel for Harris stated that the granting of the letters of administration was published in the Alabama Messenger.
[2] The motion for substitution was made 14 days after the expiration of the six-month period. The six-month period expired on February 10, 1990, a Saturday; therefore, the motion had to be filed by Monday, February 12, 1990. A.R.Civ.P. 6(a).
[3] Ga. Code Ann. § 9-11-25(a)(1) (1982) (which replaced former Code section 81A-125(a)(1), which was considered by the court in Jernigan) provides:
 "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representative of the deceased party and, together with the notice of the hearing, shall be served on the parties as provided in Code Section 9-11-5 and upon persons not parties in the manner provided in Code Section 9-11-4 for the service of a summons. Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party."