KENNEDY, Justice.
These appeals are from dismissals for failure to comply with Rule 25, A.R.Civ.P.
In 1987, the plaintiffs, Sue and Delton Gilland, sued Frank Schuman, alleging fraud and breach of contract. The lawsuit was still pending when Frank Schuman died on June 11, 1989. Counsel for Schu-man, John David Knight, filed a suggestion of death on July 18, 1989.
On November 18, 1989, Knight filed a petition for letters testamentary in which Charles and Jerry Schuman were named as co-executors of Frank Schuman’s will. On January 9, 1990, after the letters testamentary had been issued, the plaintiffs filed a motion for substitution of parties pursuant to Rule 25, A.R.Civ.P. The trial court granted the motion for substitution on January 11, 1990, assuming that the parties had been properly served. The plaintiffs then amended their original complaint and sent copies to Charles and Jerry Schuman on February 28, 1990.
On March 30, 1990, Knight filed a motion to dismiss the action on behalf of Charles and Jerry Schuman. The basis of the motion was that the plaintiffs had failed to comply with Rule 25. Specifically, Knight claimed that he had never been served with the motion for substitution of parties either as Frank Schuman’s attorney or as the attorney for Charles and Jerry Schuman. Also, Knight claimed that Charles and Jerry Schuman had never been served with the motion for substitution of parties.
The court granted the motion to dismiss on July 6, 1990, and entered a final judgment on August 6, 1990.
Rule 25(a)(1) states:
“If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.”
Based on Hayes v. Brookwood Hospital, 572 So.2d 1251 (Ala.1990), we find that the trial court improperly dismissed the action.
In Hayes, this Court held that, pursuant to Rule 6(b), an “excusable neglect” would warrant an extension of the six-month period set out in Rule 25(a)(1) and that the trial court had discretion in determining whether there had been an excusable neglect. “The determination of excusable neglect will rest on the facts of each case.” Hayes, 572 So.2d at 1254.
In the instant case, the plaintiff’s attorney failed to properly serve the defendants within six months from the filing of the suggestion of death. The judgment of dismissal is due to be reversed and the case remanded for a determination as to whether the plaintiff’s failure to comply with *1098 Rule 25(a)(1) was the result of excusable neglect.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.