SHORES, Justice.
This is an appeal from a summary judgment against the plaintiff based upon the failure of the plaintiff’s attorney to timely substitute the personal representative of a deceased defendant in an automobile accident case.[1] We reverse and remand.
The plaintiff, Kevin Moore, filed a complaint in Jefferson County, Alabama, on October 3, 1988, against Sherry Garner and her husband Wayne Garner, in which he alleged that he had sustained personal injuries, medical expenses, and other damage or loss as a result of Mrs. Garner’s alleged negligence in operating an automobile owned by her husband. The complaint also alleged that Mr. Garner had negligently entrusted the automobile to his wife and that she was operating the automobile as his agent.
Sherry Garner died on October 17, 1988. On April 17, 1989, the Garners’ attorney filed a “suggestion of death” in the circuit court, stating that Wayne Garner had been the duly appointed administrator of her estate on April 17, 1989. Apparently, the plaintiff’s attorney received a copy of the suggestion of death on April 18, 1989. The plaintiff’s attorney failed to file a motion to substitute Wayne Garner as administrator of the estate of Sherry Garner within six months after the suggestion of death was filed, as required by Rule 25(a)(1), A.R.Civ.P.
The defendants moved for summary judgment, based upon the fact that the plaintiff had failed to timely substitute the proper party for the deceased defendant, Sherry Garner. The trial court entered a summary judgment for the defendants on November 6, 1990. The plaintiff appeals.
On December 14, 1990, this Court decided Hayes v. Brookwood Hospital, 572 So.2d 1251 (Ala.1990), which overruled Henderson v. Briarcliff Nursing Home, 451 So.2d 282 (Ala.1984); Brown v. Wheeler, 437 So.2d 521 (Ala.1983); and Starr v. Doctors Hospital, 426 So.2d 826 (Ala.1983). In Hayes, we held that the 6-month time limit of Rule 25(a)(1) was not mandatory, but could be enlarged under Rule 6(b) when the delay was the result of “excusable neglect.” We stated that the trial court has “discretion in determining, pursuant to Rule 6(b), whether there was excusable neglect warranting an extension of the time period in Rule 25(a)(1).” 572 So.2d at 1254.
*489 On the authority of Hayes v. Brookwood Hospital, 572 So.2d 1251 (Ala.1990), we reverse this judgment and remand this case in order for the trial court to determine whether there was excusable neglect in this case.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and KENNEDY, JJ., concur.
MADDOX, HOUSTON, STEAGALL and INGRAM, JJ., dissent.

. Although the trial court entered what it called a “summary judgment" for Sherry Garner, we understand that order to be a dismissal. See Rule 25(a)(1), A.R.Civ.P.