This case involves post-divorce proceedings.
In July 1989 Bedford Matthews (husband) and Mable Matthews (wife) were divorced. The divorce decree contained the following provision regarding the marital home:
 "The Court shall award the jointly owned homeplace of the parties . . . to both parties as tenants-in-common; and further, [the husband] is awarded possession of said homeplace pending further order of the Court."
On August 2, 1990, the wife filed a petition for sale of the homeplace, and in response to that petition, the trial court entered an order on September 10, 1990, appointing an appraiser to determine the value of the homeplace.
On September 11, 1990, the wife died. On September 19, 1990, the husband filed a motion to set aside the appraisal order as moot due to the wife's death. (It had been the wife's position that the divorce decree created a tenancy-in-common between the parties; however, the husband maintained that he now owned full title to the homeplace by virtue of his alleged survivorship rights.) A copy of the husband's motion was served upon counsel for the wife. The trial court denied the husband's motion on October 31, 1990.
In December 1990 an administration of the estate of the wife was opened in the probate court. However, the record reveals that at no time has there been filed in the circuit court a motion to substitute the estate of the wife as a party in the post-divorce action.
On February 8, 1991, the husband filed both an "Objection to Petition for Sale of Homeplace" and a "Motion to Dismiss," arguing that because the wife was deceased, the trial court lacked jurisdiction to enter an order for a sale of property in favor of an entity not a party to the action. The court denied the husband's motions, further allowing the husband thirty days within which to purchase the wife's interest in the homeplace.
On July 29, 1991, the husband again moved that the wife's post-divorce action be dismissed, this time pursuant to Rule 25(a)(1), Alabama Rules of Civil Procedure, *Page 1220 
inasmuch as no party had been substituted for the wife within six months after her death had been "suggested upon the record." The trial court did not rule on this motion. An ore tenus proceeding was held in October 1991, wherein the trial court heard arguments by counsel for the husband and counsel for the wife.
On October 3, 1991, the trial court entered a final judgment ordering the sale of the homeplace and, upon completion of such sale, payment of the wife's share to the wife's estate. The husband appeals. We reverse and remand with instructions.
Rule 25 (a)(1), A.R.Civ.P., reads as follows:
 "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."
The husband argues that because counsel for the wife failed to substitute a proper party for the deceased wife within six months after suggestion of the wife's death was made on the record, the trial court lacked jurisdiction to enter a judgment in favor of the wife after her death and, accordingly, had no recourse but to dismiss the action for sale of the homeplace.
The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction over either the person or the subject matter, a court has no power to act. Norton v.Liddell, 280 Ala. 353, 194 So.2d 514 (1967).
At common law the death of either party put an end to an action, whether real or personal. State ex rel. King v. Pearce,14 Ala. App. 628, 71 So. 656 (1916). However, under present Alabama statutory law, legal and equitable claims survive in favor of and against the personal representative of a deceased. §§ 6-5-460 through -466, Ala. Code 1975.
In the instant case the trial court had subject matter jurisdiction. However, the wife was no longer before the court as a party. By statute, if a claim survives, it is for or against the personal representative of the deceased. Wells v.Wells, 376 So.2d 750 (Ala.Civ.App. 1979). Here, the record shows, no such representative was substituted for the wife as a party under Rule 25(a)(1).
We recognize that until recently the courts of this state have consistently held that dismissal of an action is mandatory if a motion for substitution of the proper party is not filed within six months of the time that the death of a party is suggested upon the record. The rule for dismissal is now subject to an exception in cases where failure to comply with Rule 25(a)(1) is the result of "excusable neglect." Hayes v.Brookwood Hospital, 572 So.2d 1251 (Ala. 1990) (overrulingHenderson v. Briarcliff Nursing Home, 451 So.2d 282 (Ala. 1984); Brown v. Wheeler, 437 So.2d 521 (Ala. 1983); Starr v.Doctors Hospital, 426 So.2d 826 (Ala. 1983)); Rules 6(b) and 25(a)(1), A.R.Civ.P. However, given the facts of the instant case, we find the application of such an exception here to be unwarranted.
Counsel for the wife asserts that, because Rule 25(a)(1) requires that the suggestion of death be served "as provided herein for the service of the motion" for substitution, the husband's September 1990 motion to set aside the appraisal order was insufficient to trigger the six-month limitation period for filing motions for substitution. However, the record reveals that service of this motion, which contained a statement of the fact of the wife's death, was made upon counsel for the wife on September 19, 1990. Thus, a statement of death *Page 1221 
was served upon the proper entity and suggested upon the record, triggering the six-month period. See Rule 5(b), A.R.Civ.P.
Counsel for the wife also asserts that counsel's own appearance at trial constituted a waiver of the general requirement that substitution of a proper party be effected. Counsel insists that Hill v. Lyons, 550 So.2d 1004
(Ala.Civ.App. 1989), supports her standing to appear in this action and pursue relief for the wife.
We note that, notwithstanding a duty to inform the court and other parties of a client's demise, an attorney's authority to act on behalf of a client typically ceases upon the death of that client. See Cheramie v. Orgeron, 434 F.2d 721 (5th Cir. 1970). Therefore, the fact that counsel for the wife continued to appear at hearings before the trial court does not, of itself, vest the court with jurisdiction to proceed in the post-divorce action.
In Hill the administrator of a deceased husband's estate appeared in court, without formal substitution as a party, and fully defended against a wife's motion to modify a divorce decree. This court held that the actions of the administrator of the estate constituted a waiver of his right to later challenge the court's jurisdiction and move for dismissal under Rule 25(a)(1). We stated that "[a]s long as the 'proper party' actually defends the suit, such defense can cause a waiver of the right to formal substitution." Hill, 550 So.2d at 1006. While, at first appearance, the language in Hill might be construed as allowing counsel for the wife in the instant case to waive the requirements of Rule 25(a)(1), it is necessary to recognize the context in which Rule 25(a)(1) generally applies. In Hill, as in most situations where Rule 25(a)(1) has some application, the party against whom the action was being brought (the party defendant) died pending the litigation. In this circumstance under Rule 25(a)(1) the onus effectively shifted to the party defendant to make a suggestion of death upon the record. Once this was done, the party plaintiff had six months in which to substitute the proper party defendant.
Although in the instant case the husband was designated as "plaintiff" and the wife as "defendant" in the original divorce action, it was the wife who initiated the post-divorce proceedings. From a review of Rule 25(a)(1) and the relevant case law, see, e.g. Hill, 550 So.2d 1004; Wells, 376 So.2d 750, we conclude that it is the party entitled to dismissal under Rule 25(a)(1) that may, by its own actions inconsistent with the rule, waive the right to dismissal. In the instant case the husband has taken no action inconsistent with his assertion of a right to dismissal. The record shows that he filed a suggestion of death on September 19, 1990, and that he has filed three motions pointing out that a proper party was lacking in the action initiated by the wife. In the third of these motions the husband sought dismissal under Rule 25(a)(1). Therefore, we find that the husband has not waived his right to dismissal under the rule.
Finally, counsel for the wife asserts that, despite dismissal provided for in Rule 25(a)(1), the wife's heirs at law were entitled to be substituted as parties under Rule 25(c), A.R.Civ.P., which provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Counsel argues that the wife's death resulted in an immediate transfer of her interest in the homeplace to her heirs at law and that the action continued as if they were substituted parties.
However, we find that Rule 25(c) has no application to a transfer brought about by the death of a party pending litigation. The rule contains no language suggesting application to an involuntary transfer by reason of the death of a party. We conclude that one who seeks to become a party because of an involuntary transfer by a deceased party comes within the category of "any party" mentioned in Rule 25(a), the only rule that mentions deceased parties. If a transferee acquires an interest in the suit after the suit is initiated, the *Page 1222 
transferee may be made a party upon proper and timely application. But if the transferee delays action until more than six months after suggestion of death of the "transferor," the application comes too late. See, e.g., Hofheimer v.McIntee, 179 F.2d 789 (7th Cir. 1950). There is nothing in the record to suggest that the wife's heirs at law sought to be substituted as parties in the action either before or after the six-month period.
Because a proper party was not substituted for the wife within six months of the suggestion of her death in the record, we conclude that the trial court lacked jurisdiction to enter a judgment for the wife. Therefore, the action should have been dismissed pursuant to Rule 25(a)(1).
The judgment of the trial court is reversed, and the cause is remanded with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.