STEAGALL, Justice.
Ina Lay, as administratrix of the estate of her husband Fred C. Lay, deceased, appeals from the dismissal of her motion to be substituted for Fred in a negligence action he had filed on September 26, 1989, against Horton Homes, Inc.; Efficiency Homes, Inc.; Jerry L. Phillips; and Superi- or Gas, Inc. The case was initially set for trial in March 1991, but it was subsequently dismissed for failure to prosecute when Fred failed to appear at a pretrial conference. In May 1991, the trial court, on Fred’s motion, set aside the dismissal and trial was set for March 1992.
Fred died intestate on February 13, 1992. At the pretrial conference on February 21, the trial court learned of his death and continued the case “for substitution.” Defense counsel filed a “suggestion of death” on March 16, 1992. At a second pretrial conference, in June 1992, the trial court granted the estate “thirty (30) days to revive the case, failing in which it will be removed from the docket.” Ina did not thereafter file any motions or otherwise prosecute the case; thus, the trial court dismissed the case with prejudice on July 19, 1992. Thirty days later, Ina filed a motion to vacate the dismissal. She also filed an affidavit indicating that she had not yet filed a motion for substitution because of unavoidable delays in getting letters of administration on her husband’s estate. The trial court denied the motion to vacate the dismissal. Ina appeals.
Ina argues that the trial court erred to reversal by failing to vacate the dismissal in order that she could be substituted for her husband. Rule 25, A.R.Civ.P., provides:
“(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased par-ty_ Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.”
Ina points out that the suggestion of death was entered upon the record on March 16, 1992, and that the trial court dismissed the case just over four months later. She con- *1348 eludes that the trial court abused its discretion by failing to give her a full six months to file a motion for substitution.
It is apparent from its language that Rule 25 contemplates a full six-month period during which a motion for substitution may be filed; this period reasonably accommodates the circumstances of death, including the emotional effects and often protracted proceedings of setting up and administering estates. To further the purpose of the rule, which is to prevent the foreclosure or bar of meritorious claims, we have held that a trial court has discretion under the general language of Rule 6(b), A.R.Civ.P., to allow an extension of this period upon a finding of excusable neglect. Hayes v. Brookwood Hosp., 572 So.2d 1251 (Ala.1990). Conversely, to allow the court discretion to shorten the substitution period would frustrate the spirit and purpose of Rule 25.
The trial court erred in dismissing this case before the six-month period had expired. Its judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.