YATES, Judge.
On March 25, 1996, Fred L. Shoemaker sued John C. Taylor and Goodyear Tire & Rubber Company, alleging negligence in regard to a motor-vehicle accident. Taylor was employed by Goodyear and, according to the complaint, was acting within the line and scope of his employment when the vehicle he was driving collided with Shoemaker’s automobile. Shoemaker was represented by Attorney Bruce Burttram.
On December 20, 1997, Shoemaker died from a cause unrelated to the motor-vehicle accident. On January 6, 1998, Taylor and Goodyear filed a “Suggestion of Death” and served a copy on Burttram. Fred Shoemaker’s widow, Margaret Shoemaker, was not notified by Burttram that the suggestion of death had been filed. On February 24, 1998, Burttram moved to withdraw from the case, stating that Fred Shoemaker’s will had designated his widow, Margaret Shoemaker, as his personal representative and that Margaret Shoemaker desired to retain other counsel to handle the pending lawsuit. On May 19, 1998, Attorney James R. Morgan purported to enter an appearance for Fred Shoemaker.
On July 29, 1998, Taylor and Goodyear moved to dismiss the lawsuit, pursuant to Rule 25, Ala. R. Civ. P., because more than six months had elapsed since the filing of the suggestion of death, without a motion for substitution of a plaintiff. Morgan did not know, until he received a copy of Taylor and Goodyear’s motion to dismiss, that a suggestion of death had been filed; with the copy of Taylor and Goodyear’s motion to dismiss, Taylor and Goodyear included notice of a hearing scheduled for August 19, 1998, on that motion. Before the hearing, Morgan filed a “Motion to Substitute Out of Time” Margaret Shoemaker as the plaintiff, pursuant to Rule 25, and requested the trial court to enlarge the time allowed to substitute, based on excusable neglect.
Following a hearing, the trial court entered an order on the case action summary sheet dismissing the action. Margaret Shoemaker appeals.
Rule 25(a)(1) provides:
“(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall in the absence of a showing of excusable neglect be dismissed as to the deceased party.”
The Committee Comments to Rule 25 note that the rule was amended in 1995 to comply with Hayes v. Brookwood Hospital, 572 So.2d 1251 (Ala.1990). In Hayes, the deceased party’s attorney filed a suggestion of death, but failed to move for a substitution within six months. The Alabama Supreme Court held:
“[I]n light of the purpose of the rules and in light of their spirit — -which is not to foreclose or bar meritorious claims— we hold that the six-month provision of Rule 25(a)(1) is subject to the general language of Rule 6(b) allowing the extension of a specified time period upon a determination of excusable neglect. Accordingly, to the extent that certain of our prior cases hold that the ‘six months’ language in Rule 25(a)(1) is mandatory, we overrule those cases.
“This holding requires the trial court to exercise discretion in determining, pursuant to Rule 6(b), whether there was excusable neglect warranting an extension of the time period in Rule 25(a)(1). The determination of excusa *411 ble neglect will rest on the facts of each case.”
Hayes, 572 So.2d at 1254.
The trial court abused its discretion in dismissing the case. Burttram did not notify Margaret Shoemaker that the suggestion of death had been filed, nor did the defendants notify her of the suggestion of death after Burttram moved to withdraw from the case. It certainly could be argued that under Rule 25, Margaret Shoemaker, although she was not yet a party, should have been notified at this point. Morgan did not learn of the suggestion of death until after the expiration of the six-month time limit, although the suggestion of death was included in the case file. Morgan sought an extension of time before the scheduled hearing on the dismissal. The record contains nothing to suggest that Margaret Shoemaker was not acting in good faith when she sought the enlargement of time, and we conclude that she has shown a good reason for excusing compliance with the time requirement specified in Rule 25.
The rules are to be “construed and administered to secure the just, speedy and inexpensive determination of every action,” and not to dismiss meritorious actions for defaults occurring through excusable neglect. Rule 1, Ala. R. Civ. P. Therefore, we reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.