In 1998, Juanita Healy and her husband Edward Healy sued Marcella Medlock, alleging that Medlock's negligence had caused an automobile collision and that they had suffered injuries in the collision. In 1999, State Farm Mutual Automobile Insurance Company, the Healys' underinsured-motorist ("UIM") carrier, moved to intervene. The trial court granted that motion and added State Farm as a defendant.
Medlock died on August 18, 2000. Counsel for Medlock filed a suggestion of death on October 2, 2000. Six months and one week later, on April 9, 2001, counsel for Medlock filed a motion to dismiss for failure to substitute a party, pursuant to Rule 25(a)(1), Ala.R.Civ.P. The Healys filed a motion to substitute on April 13, 2001, alleging that on that date they had filed a petition to open the estate of Medlock. After a hearing on April 17, the motion to dismiss was denied, and the case was set for trial. Discovery continued; *Page 398 
the case was continued twice and was reset for the next trial docket after August 6, 2001.
On September 26, 2001, counsel for Medlock again moved to dismiss the case pursuant to Rule 25(a)(1) for failure to substitute a party. That motion alleged that a suggestion of death had been filed over a year earlier, that no estate had been opened, that no letters of administration had been issued, and that no substitution of parties had been made. The trial court granted the motion to dismiss on September 28. The Healys filed a postjudgment motion, which the trial court denied. State Farm filed a motion to clarify, seeking a ruling on whether the dismissal was entered as to both defendants or only as to Medlock. The trial court answered that it had entered the dismissal as to all parties. The Healys appealed to the Alabama Supreme Court. The supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. We affirm.
Rule 25(a)(1), Ala.R.Civ.P., states:
 "(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall in the absence of a showing of excusable neglect be dismissed as to the deceased party."
(Emphasis added.) The trial court correctly dismissed the Healys' action because they did not substitute a proper party within six months of the date Medlock's death was suggested on the record and the suggestion served on the parties. Although the requirement that a motion to substitute a proper party for the deceased be made within six months is not absolute and the time for filing such a motion may be extended if the failure to comply with the rule is the result of excusable neglect, seeHayes v. Brookwood Hosp., 572 So.2d 1251 (Ala. 1990); Moore v. Garner,584 So.2d 488 (Ala. 1991), there is no indication in this record that the Healys' failure to substitute the proper party was due to excusable neglect. The Healys had nearly one year after the suggestion of death was filed to substitute a proper party for Medlock. They failed to do so. The trial court could have granted the original motion to dismiss filed on April 9, 2001. Instead, the court gave the Healys extra time to make the substitution and did not dismiss the action for another five and one-half months. We find no error.
 I.
The Healys argue that Medlock's counsel, by continuing to defend the action after his first motion to dismiss was denied, waived the right to assert Rule 25(a)(1). In support of that argument, the Healys citeMatthews v. Matthews, 599 So.2d 1218 (Ala.Civ.App. 1992), overruled on other grounds by Kissic v. Liberty Nat'l Life Ins. Co., 641 So.2d 250
(Ala. 1994), and Hill v. Lyons, 550 So.2d 1004 (Ala.Civ.App. 1989). Both cases, however, are inapposite to this case. In Hill, an administrator was appointed to represent the deceased party's estate; however, no formal substitution of parties was made, and the administrator continued to defend *Page 399 
the interests of the estate. No motion to dismiss pursuant to Rule 25 was filed. Apparently, the first mention of Rule 25 was made onappeal, when this court observed:
 "[U]nder appropriate circumstances, the formal requirements for the substitution of a party under Rule 25(a)[(1), Ala.] R. Civ. P., can be waived, and thus the exercise of jurisdiction is proper. As long as the `proper party' actually defends the suit, such defense can cause a waiver of the right to formal substitution."
Hill, 550 So.2d at 1006 (citation omitted).
Matthews does not support the Healys' argument. That case dealt with postdivorce proceedings. The former wife died soon after the judgment of divorce was entered. No substitution of parties was made. The court stated:
 "[T]he husband has taken no action inconsistent with his assertion of a right to dismissal. The record shows that he filed a suggestion of death on September 19, 1990, and that he has filed three motions pointing out that a proper party was lacking in the action initiated by the wife. In the third of these motions the husband sought dismissal under Rule 25(a)(1). Therefore, we find that the husband has not waived his right to dismissal under the rule."
Matthews, 599 So.2d at 1221.
Here, counsel for Medlock filed a motion to dismiss six months and one week after he filed the suggestion of Medlock's death. When the court denied that motion, thereby giving the Healys extra time to comply with the rule, counsel acceded to the court's ruling but did not abandon his insistence upon compliance with the rule. He filed another motion to dismiss five and one-half months later. That course of conduct does not amount to a waiver.
 II.
The Healys contend that, even if Medlock was properly dismissed, the trial court erred by dismissing State Farm, their UIM carrier, as a defendant. Citing Hogan v. State Farm Mutual Automobile Insurance Co.,730 So.2d 1157 (Ala. 1998), overruled on other grounds, Williamson v.Indianapolis Life Insurance Co., 741 So.2d 1057 (Ala. 1999); State FarmMutual Automobile Insurance Co. v. Jeffers, 686 So.2d 248 (Ala. 1996); and State Farm Automobile Insurance Co. v. Baldwin, 470 So.2d 1230
(Ala. 1985), the Healys point out that "[o]ur supreme court has recognized a separate cause of action against the UIM carrier in matters where the plaintiff was precluded as a matter of law from suing or collecting from the actual tortfeasor."
In Hogan, Jeffers, and Baldwin, the supreme court held that insured tortfeasors who were legally immune from liability could be deemed "uninsured motorists" for purposes of allowing injured plaintiffs to recover uninsured-motorist benefits from their own automobile insurance carriers. In Hogan, the Guest Statute provided the alleged tortfeasor with a substantive defense to the plaintiff's negligence claim. InJeffers and Baldwin, governmental immunity was the substantive defense that precluded the plaintiff's recovery against the tortfeasor. Hogan,Jeffers, and Baldwin were based on the rationale that the legislative policy of the uninsured motorist statute did not allow an uninsured-motorist carrier to assert a defense against its own insured that would "deny the otherwise valid claim of the [insured]." SeeBaldwin, 470 So.2d at 1234. Hogan, Jeffers, and Baldwin do not apply here because the Healys' own procedural default — not a substantive defense available to the alleged tortfeasor — prevented the Healys' recovery. *Page 400 
The judgment of the trial court is affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.