This is an appeal from the denial of the former husband's amended petition to modify a divorce decree. The husband's amendment incorporated a motion for relief from judgment pursuant to Rule 60, ARCP.
The former wife died during the pending of the husband's petition to modify. The husband, by appropriate petition, requested a substitution of parties.
After a hearing on the merits of the husband's petition, the learned trial judge denied all the relief requested by the husband. Additionally, the trial court, in its final decree, specifically stated that it *Page 751 
would make no ruling on the husband's motion for substitution of the parties.
At the outset, we note that it is the policy of this court to decide appeals on their merits. However, in this instance, we are unable to so do.
The issue before this court, although not raised by either party through their able counsel, is whether the trial court had jurisdiction to act where a party before the court dies and proper substitution of parties under Rule 25 (a), ARCP, was not made. We determine that the trial court did not have authority to proceed, in this instance, and reverse and remand.
The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction over either the person or the subject matter, a court has no power to act. Norton v.Liddell, 280 Ala. 353, 194 So.2d 514 (1967).
At common law the death of either party put an end to an action, whether real or personal. State ex rel. King v. Pearce,14 Ala. App. 628, 71 So. 656 (1916).
Under present Alabama statutory law, legal and equitable claims survive in favor of and against the personalrepresentative of a deceased. § 6-5-460 et seq., Code of Ala. 1975.
In this instance, there was subject matter jurisdiction in the instant case. However, there was no party-defendant before the court. By statute, if a claim survives it is against the personal representative of the deceased. No such representative was personally served under ARCP and no representative was substituted as defendant under Rule 25 (a).
Rule 25 (a), ARCP, states:
 If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.
As noted above, there was no defendant before the court unless the decedent's attorney could be seen as a proper representative of the decedent's estate.
In the instant appeal, there is nothing in the record nor is it suggested that the deceased's attorney had status as the legal representative of the decedent's estate. The authority of defense counsel to act for the decedent was terminated by the decedent's death. Cheramie v. Oregon, 434 F.2d 721 (5th Cir. 1970). Therefore, even under the most liberal construction of jurisdiction, there was no party-defendant before the court.
It would be possible, under proper circumstances, for the personal representative of the deceased to waive the formal substitution of Rule 25 (a) and for the court to obtain jurisdiction over such a person. See, Vaughan v. Vaughan,258 Ala. 336, 62 So.2d 466 (1952); Osbourn v. LoBue, 256 Ala. 121,53 So.2d 610 (1951). That is, if the "proper party" actually defends the suit, such defense may constitute a waiver by that "proper party" of the right to a formal substitution. However, in the instant case no such personal representative defended the husband's petition. Therefore, no waiver occurred and the court did not obtain jurisdiction under any theory of waiver.
The fact that the wife and/or her estate prevailed in the trial court does not to this court affect what we have said above.
In view of the above, the case is due to be reversed and remanded.
REVERSED AND REMANDED.
All Judges concur. *Page 752