The administrator of the estate of the deceased husband appeals from an order of the trial court which vacated a divorce decree in its entirety.
On September 7, 1988, the wife filed a complaint for divorce. After negotiations among the parties, the trial court issued a divorce decree on September 16, 1988. On September 26, 1988, the husband died, and on October 5, 1988, the wife filed a motion to set aside the judgment of divorce. Subsequently, the wife amended this motion, requesting the trial court to appoint an administrator to represent the husband's estate and either to set aside or to modify the divorce decree.
The trial court, after ore tenus proceedings, issued an order which nullified the divorce decree. We note that the administrator appointed to represent the husband's estate was present and represented by counsel.
Initially, the issue before this court is whether the trial court had jurisdiction to nullify a divorce decree in its entirety after one of the parties thereto had died.
The question of jurisdiction is always fundamental, and if there is an absence of *Page 1006 
jurisdiction over either the person or the subject matter, a court lacks the power to act. Mobile Gulf Railroad Co. v.Crocker, 455 So.2d 829 (Ala. 1984).
Upon timely post-trial motion, the trial court has jurisdiction to modify or set aside a final judgment.See Rule 59(e), Alabama Rules of Civil Procedure; Hallmark v.Hallmark, 381 So.2d 641 (Ala.Civ.App.), writ denied,381 So.2d 642 (Ala. 1980). Generally, the death of one of the parties to a divorce decree results in abatement of the cause of action. Abatement does not occur when the decree affects property rights, and matters touching the parties' property rights under the divorce decree are amenable to alteration or modification upon timely motion, or upon appeal. Cox v. Dodd,242 Ala. 37, 4 So.2d 736 (1941). See also Stapleton v.Stapleton, 282 Ala. 62, 209 So.2d 202 (1968).
Here, the divorce decree, among other things, awarded the parties' home to the wife; divided the parties' IRA accounts, deferred income, and pension plans; directed the parties to obtain life insurance policies naming their child as beneficiary; and made the wife solely responsible for a debt theretofore owed by the husband. Thus, the divorce decree affected property rights of the parties, and upon timely motion the trial court had jurisdiction to amend, alter, or modify the decree. The trial court did not, however, have the jurisdiction to change the adjudged marital status of the parties.
Since we have determined that the property rights of the parties were affected and that the cause of action did not abate upon the death of the husband, the issue is whether a representative for the estate of the deceased spouse must be substituted under Rule 25, A.R.Civ.P.
"Under present Alabama statutory law, legal and equitable claims survive in favor of and against the personalrepresentative of a deceased [person]. § 6-5-460 et seq., Code of Ala. 1975." Wells v. Wells, 376 So.2d 750, 751
(Ala.Civ.App. 1979).
All persons interested in a suit in equity, whose rights will be directly affected by the decree, must be made parties unless too numerous or beyond the reach of service of process.Turner v. Hargrove, 293 Ala. 166, 300 So.2d 828 (1974). However, under appropriate circumstances, the formal requirements for the substitution of a party under Rule 25(a), A.R.Civ.P., can be waived, and thus the exercise of jurisdiction is proper. Wells, 376 So.2d 750. As long as the "proper party" actually defends the suit, such defense can cause a waiver of the right to formal substitution. Brown v.Wheeler, 437 So.2d 521 (Ala. 1983); Killough v. Killough,373 So.2d 336 (Ala.Civ.App. 1979).
The record before us discloses that the wife apprised the trial court of the fact of the death of the husband and the date of the husband's death in her post-judgment motion and amendments thereto. In fact, the wife specifically requested the trial court to appoint an "Administrator Ad Litem to represent the interests of the Estate of the . . . deceased [husband]."
Further, the administrator of the husband's estate testified that he was appointed in November 1988, was served with a copy of the wife's post-judgment motion, and attended a prior hearing, wherein he made no objections to the jurisdiction of the trial court. As stated above, the administrator retained counsel, and the estate cross-examined witnesses and, in general, defended the interests of the husband's estate.
Even assuming that the formal requirements of Rule 25(a), regarding substitution of parties, were not followed, we find that the actions of the administrator of the estate enumerated above constitute a waiver of such and find jurisdiction over the estate to be proper.
In summary, we hold that the trial court exceeded its jurisdiction to the extent it nullified the divorce decree, but that the trial court retains jurisdiction to modify the divorce decree because property rights were involved. For the foregoing reasons the judgment below is reversed and remanded with instructions to hold proceedings in accordance with this decision. *Page 1007 
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON, J., concurs.
INGRAM, P.J., concurs specially.