L. CHARLES WRIGHT, Retired Appellate Judge.
On May 3, 1991, following an ore tenus proceeding, the Circuit Court of Montgomery County found that Alfred Bell and Alice Bell were married at common law and entered a final judgment of divorce. On June 3, 1991 Alfred Bell died. On June 5, 1991 Beatrice Oliver, an attorney hired by Alfred Bell approximately one week prior to his death, filed a motion for reconsideration and motion for new trial. On June 13, 1991 Oliver filed a Suggestion of Death. Alice Bell filed objections to both motions. Based upon the pleadings, the trial court denied the motion for reconsideration and for new trial finding that “Alabama Law does not hold that heirs, assigns, or the estate of the deceased have any standing in Domestic Relations action terminated by the death of one of the parties.” Oliver gave notice of appeal and named Eolia Bell-Cooper, Alfred Bell’s daughter, as “Appellant-Principal.”
Alice Bell has filed a motion to dismiss this appeal maintaining that the appellant failed to timely and properly file a motion for substitution with the trial court pursuant to Rule 25(a), Alabama Rules of Civil Procedure, and that neither the daughter, Eolia Bell-Cooper, nor Beatrice Oliver has standing to prosecute this appeal.
Although it has not been raised by either party, we are compelled to address the timeliness of the postjudgment motion.
The motion for reconsideration and new trial was clearly filed pursuant to Rule *918 59, A.R.Civ.P. It cannot be characterized as a Rule 60(b) motion even though it alleged the discovery of new evidence. The request for relief was not premised on exceptional circumstances and the alleged “newly discovered evidence” could have been ascertained prior to trial, with “due diligence.” McLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App.1985).
A motion made pursuant to Rule 59 must be filed within 30 days of the final judgment. See Rule 59; City of Talladega v. McRae, 375 So.2d 429 (Ala.1979). In the present case the motion was filed 31 days after entry of final judgment. Consequently, the motion was untimely and the court was without jurisdiction to entertain it. City of Jasper Civil Service Board v. Schultz, 412 So.2d 818 (Ala.Civ.App.1982).
We further find that Beatrice Oliver, counsel for Alfred Bell, did not have standing to question the final judgment.
For an action to survive the death of one of the parties, Rule 25(a), A.R.Civ.P., requires that a proper substitution of the parties be made. That rule provides the following:
“If a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties. The Motion for Substitution may be made by any party or by the successors or representatives of the deceased party and, together with the Notice of Hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a Summons, and may be served in any county. Unless the Motion for Substitution is made not later than 6 months after the death is suggested upon the record by service of a Statement of the Fact of the Death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.”
“[T]he term ‘proper parties’ used in the rule means legal representative only.” Killough v. Killough, 373 So.2d 336 (Ala.Civ.App.1979).
There was no request in the trial court for a substitution of parties.
Oliver filed the postjudgment motion two days after the death of Alfred Bell. There was no suggestion from the record that Oliver had obtained the status of “legal representative.” We find the post-judgment motion to be of no effect because Oliver’s authority to act on behalf of Alfred Bell terminated at the time of his death. Wells v. Wells, 376 So.2d 750 (Ala.Civ.App.1979).
If there is an absence of jurisdiction over the person or the subject matter, a court does not have authority to act. Wells. In this instance, the trial court did not have subject matter jurisdiction or jurisdiction over the person. The trial court’s denial of the postjudgment motion was proper.
The trial court lacked jurisdiction to entertain the postjudgment motion. It must follow, therefore, that we lack jurisdiction to entertain this appeal. The appeal is dismissed. Killough.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.