This post-divorce case involves custody.
These parties have previously been before this court. The trial court had awarded custody of the parties' son to the father and custody of the daughter to an aunt and uncle. In the mother's appeal, the trial court's judgment was affirmed.Seibert v. Seibert, 611 So.2d 375 (Ala.Civ.App. 1992).
The mother, pro se, filed a motion pursuant to Rule 60(b), A.R.Civ.P., in September 1992, alleging, inter alia, ineffective counsel *Page 640 
and judicial bias, and requesting a trial de novo. The mother also requested the recusal of the trial judge. Both motions were denied in October 1992, and the mother, pro se, appeals.
The mother's brief is not a paradigm of clarity; however, she appears to argue that she suffered from representation by ineffective counsel and that the trial judge erred in refusing to recuse himself.
At the outset, we note that the mother's brief fails to present her issues clearly and unambiguously as required by Rule 28, A.R.App.P. Bishop v. Robinson, 516 So.2d 723
(Ala.Civ.App. 1987). A pro se litigant must comply with legal procedures and court rules. Black v. Allen, 587 So.2d 349
(Ala.Civ.App. 1991). Courts are no more forgiving to pro se litigants than to those represented by counsel. Black, supra.
The mother's brief also fails to comply with Rule 28(a)(5), A.R.App.P., which requires an appellant to present an argument containing "contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Although the mother's brief contains citations to authorities, those citations have little or no relevance to the issues which she presents. When an appellant fails to comply with Rule 28(a)(5), this court will affirm the judgment of the trial court. Harris v. Harris, 528 So.2d 866 (Ala.Civ.App. 1988).
We would note, however, that even if Rule 28(a)(5) were not invoked, the record evidence would require affirmance in this case. The record contains evidence in support of the trial court's judgment.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.