On June 9, 1989, Ronnie Kissic and his wife, Judi Kissic, sued Liberty National Life Insurance Company, Inc. ("Liberty National"); one of its agents, Robert Daniel Bice, Jr.; and Ronnie Kissic's father, Onnie Leon Kissic, seeking damages based on allegations that the defendants had fraudulently induced Ronnie Kissic to change the designated beneficiary under his life insurance policy from Judi Kissic to Leon Kissic. The record indicates that Ronnie Kissic and Judi Kissic were represented by the same attorney and that Ronnie Kissic died sometime after September 6, 1990, but before February 25, 1991. On February 25, 1991, Liberty National and Bice filed a crossclaim against Leon Kissic which in the second paragraph referred to "the death of plaintiff Ronnie Kissic." The *Page 251 
crossclaim, which was served on Leon Kissic and Judi Kissic's attorney, stated a claim against Leon Kissic for the amount of life insurance proceeds paid to him under the policy, in the event that it was determined that the payment of those proceeds was improper. (The authority of Judi Kissic's attorney to act on behalf of Ronnie Kissic had ceased upon Ronnie Kissic's death. See Brown v. Wheeler, 437 So.2d 521 (Ala. 1983), overruled on other grounds, Hayes v. Brookwood Hospital,572 So.2d 1251 (Ala. 1990).) On May 3, 1993, Judi Kissic filed a "motion for joinder" to add her two minor children as plaintiffs in the action. This motion was served on the three defendants. In the second paragraph of that motion, Ronnie Kissic was referred to as "now deceased," and in the fourth paragraph reference was made to "the death of Ronnie Kissic." On October 13, 1993, 31 months and 18 days after the crossclaim was filed and 5 months and 10 days after the motion for joinder was filed, and after a hearing on August 11, 1993, during which the parties stipulated that Ronnie Kissic was, in fact, deceased, the trial court dismissed Ronnie Kissic's claims for noncompliance with Rule 25, A.R.Civ.P. It is undisputed that a proper party was never substituted for Ronnie Kissic following his death.
The dispositive issue is whether either the crossclaim filed by Liberty National and Bice against Leon Kissic or the motion for joinder filed by Judi Kissic was sufficient to constitute a suggestion of death on the record, so as to commence the running of the six-month period for substituting a proper party under Rule 25.
Rule 25(a)(1) provides, in pertinent part, as follows:
 "Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death [on the parties as provided in Rule 5, Ala.R.Civ.P., and on nonparty successors or representatives as provided in Rule 4 for the service of a summons], the action shall be dismissed as to the deceased party."
(Emphasis added.) Our research has disclosed little Alabama caselaw interpreting the emphasized language above. In Big RedElephant v. Bryant, 477 So.2d 342 (Ala. 1985), this Court held that a statement suggesting death does not have to include the date of the party's death, and in Winter v. Cox, 553 So.2d 60
(Ala. 1989), we held that a notation on a case action summary sheet as to a party's death is not a sufficient statement to initiate the running of the period for filing a motion for substitution under Rule 25(a)(1), at least where there is no evidence that a copy of the case action summary sheet was served in accordance with the rule. Although Winter v. Cox is not determinative of the issue presented in the present case, it does suggest that Rule 25(a)(1) requires that a statement suggesting the death of a party, in addition to being properly served, must provide sufficient notice that the time period has begun for substituting a proper party for a deceased party.
We note that that part of Rule 25 requiring service of a "statement of the fact of death" is identical to its federal counterpart, and, as we have stated many times, we look to the federal courts' interpretation of the Federal Rules of Civil Procedure when those rules are similar to our own. Our research indicates that the federal courts require a formal statement suggesting death on the record in order to initiate the running of the time period for substituting the proper party. See 3BMoore's Federal Practice, § 25.06(3) (2d ed. 1991); 7C C. Wright, A. Miller, M. Kane, Federal Practice and Procedure, § 1955 (1986); Grandbouche v. Lovell, 913 F.2d 835 (10th Cir. 1990) (mere reference in court proceedings or pleadings to a party's death is not sufficient to start the running of the limitations period for filing a motion for substitution; a formal suggestion of death on the record is required, regardless of whether the parties have knowledge of a party's death); United States v. Miller Brothers Construction Co.,505 F.2d 1031 (10th Cir. 1974) (the plaintiff's knowledge of the defendant's death was insufficient to start the running of the 90-day time period for substitution; a formal suggestion of death was required); Kaldawy v. Gold Service Movers, Inc.,129 F.R.D. 475 (S.D.N.Y. 1990) *Page 252 
(court's order noting the plaintiff's death and placing the case on the suspended calendar, which was mailed to the attorneys for all of the parties, including the decedent's attorney, was insufficient to start the running of the 90-day limitations period); Blair v. Beech Aircraft Corp.,104 F.R.D. 21 (W.D.Pa. 1984), affirmed, 787 F.2d 580 (3rd Cir. 1986) (a passing reference to a party's death in a pleading was not the equivalent of a formal suggestion of death on the record); ACRIv. International Association of Machinists Aerospace Workers,595 F. Supp. 326 (N.D.Cal. 1983), affirmed, 781 F.2d 1393 (9th Cir. 1986), cert. denied, 479 U.S. 816, 107 S.Ct. 73,93 L.Ed.2d 29 (1986) (incidental reference to a party's death in answers to interrogatories was not sufficient to start the running of the 90-day period under Rule 25); National EquipmentRental, Ltd. v. Whitecraft Unlimited, Inc., 75 F.R.D. 507
(E.D.N.Y. 1977) (a formal statement suggesting death on the record and served on all the parties is required to conform to Rule 25); Mobil Oil Corp. v. Lefkowitz, 454 F. Supp. 59
(D.C.N.Y. 1977) (90-day period begins to run only after a formal statement of the fact of death is filed); Dolgow v.Anderson, 45 F.R.D. 470 (E.D.N.Y. 1968) (oral statement made in passing during a deposition was not a "statement of the fact of death" within the meaning of Rule 25; a formal, written statement was required). See, also, Official Form 30, Fed.R.Civ.P., entitled "Suggestion of Death Upon the Record Under Rule 25(a)(1)." All of these cases make it very clear that the federal courts place great emphasis on formality when reviewing cases of this kind and that they do not consider an incidental or passing reference in a pleading or during discovery to be the equivalent of a "statement of the fact of death" under Federal Rule 25. The rationale underlying the federal courts' interpretation of Federal Rule 25 was succinctly stated by the district court in Dolgow v. Anderson
at 471:
 "Attorneys are sometimes so harassed during the course of a litigation that they may well overlook an informal suggestion of death. When the consequences to the client of a slightly delayed reaction may be severe and the burden of providing formal notice is slight, insistence on the observance of procedural ritual is justified."
We find the rationale of the federal courts persuasive. It is quite simple under Rule 25 to start the running of the time period for substituting a proper party for a deceased party by filing a clearly designated "statement of the fact of death" or "suggestion of death" and by serving that statement in accordance with the requirements of the rule. Rule 1, A.R.Civ.P., states that our rules of civil procedure should be construed so as to secure the just determination of every action. It is not the purpose of our rules to foreclose or bar potentially meritorious claims. Hayes v. Brookwood Hospital, supra. Any construction of Rule 25 on our part that could, under certain circumstances, create a trap for an unwary attorney would surely violate the spirit, if not the letter, of our rules of civil procedure. Therefore, we conclude, as the federal courts have, that requiring adherence to the simple procedure contemplated by Rule 25(a)(1) is preferable to embarking on a case-by-case review to determine under what circumstances the filing and service of a document during litigation would be sufficient to start the running of the six-month limitations period. For the foregoing reasons, we hold that neither the passing reference to Ronnie Kissic's death contained in the crossclaim, nor the one contained in the motion for joinder, was sufficient under Rule 25 to start the running of the six-month period.
Furthermore, we note that a suggestion of death must be served in accordance with Rule 25(a)(1). The record indicates that the crossclaim filed by Liberty National and Bice, although personally served on Leon Kissic, was served on Judi Kissic's attorney following Ronnie Kissic's death. As previously stated, Judi Kissic's attorney, at the time he was served with the crossclaim, no longer represented Ronnie Kissic, and the record does not indicate that a personal representative was ever appointed to represent Ronnie Kissic's estate or that, if one was in fact appointed, the personal representative was served with the crossclaim in accordance with Rule 4. Although service of a suggestion of death on an attorney will satisfy the *Page 253 
requirement of Rule 25(a)(1) for service on parties to the litigation, the service required by Rule 25(a)(1) on interested nonparties, specifically the successor or representative of the deceased party's estate, must be served pursuant to Rule 4. Therefore, even if the crossclaim had been sufficient to constitute a proper suggestion of death in this case, because the personal representative of Ronnie Kissic's estate was never served with it the six-month limitations period would not have begun to run. See Grandbouche v. Lovell supra; Kaldawy supra.
We further note that the record does not show whether Judi Kissic's attorney also represented the personal representative of Ronnie Kissic's estate, or whether the motion for joinder filed by Judi Kissic was served on the personal representative of Ronnie Kissic's estate in accordance with the requirements of Rule 4, if a personal representative was ever appointed. Therefore, even if that motion had been sufficient to constitute a proper suggestion of death, we could not hold that the time period for substituting the proper party for Ronnie Kissic would have commenced to run. In any event, the trial court dismissed Ronnie Kissic's claims less than six months (specifically, 5 months and 10 days) after the motion for joinder was filed and served; therefore, even if the motion for joinder had met the specificity and service requirements of Rule 25(a)(1), the dismissal of Ronnie Kissic's claims would have been premature.
To the extent that Matthews v. Matthews, 599 So.2d 1218
(Ala.Civ.App. 1992), is inconsistent with our holding in this case, it is hereby overruled.
For the foregoing reasons, the trial court's judgment of dismissal is due to be reversed and the case remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, INGRAM and COOK, JJ., concur.