MONROE, Judge.
This is an appeal from a judgment based on a jury verdict against the landlords in an action in which the tenants sued the landlords for conversion of their personal property after being ordered to leave the property.
The record reveals that Larry and Mary Jackson rented a mobile home on a weekly basis from Sherríl and Terrie Hill in the spring of 1992. The Jacksons had been renting the mobile home for approximately two months when the Hills ordered them to leave, following an incident in which one of the Jacksons’ children was allegedly digging in a neighbor’s yard. There was a dispute over how much notice the landlords gave the Jacksons to vacate the premises. Larry Jackson claimed he was told to leave within 24 hours; however, the Hills contend that they gave them 10 days to leave.
After the Jacksons had been gone for approximately three days, on May 4, 1992, the Hills entered the mobile home and removed the Jacksons’ personal property. The Hills testified that at that time they offered the property to the Jacksons and that they refused to take it. Larry Jackson testified that he wanted the property left in the mobile home at that time. He testified that he had paid a $100 deposit and that, additionally, his rent was not due for two more days when he was told to move.
The Jacksons sued the Hills in August 1992, alleging conversion of personal property. The Hills counterclaimed, alleging that the Jacksons owed them for back rent and for damage to the mobile home. The case was tried before a jury in October 1994, with the Hills acting pro se. At the time of trial it was revealed that Mary Jackson had died in April 1994. No substitution of parties was made, and the ease proceeded with just Larry Jackson as the plaintiff, although Mary Jackson’s claim was not formally dismissed. The jury returned a verdict in favor of Larry Jackson on his claim of conversion, awarding him $3,000 in compensatory damages and $4,480 in punitive damages, for a total judgment of $7,480. The Hills filed a post-trial motion, which was denied by the trial court. The Hills appeal.
The Hills raise a number of issues on appeal. First, they contend that the trial court erred in not granting their motion asking the trial court to alter, amend, or vacate the judgment, or in the alternative, to order a new trial or a remittitur. At the outset, we note that “[a] jury’s verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust.” Boykin v. Keebler, 648 So.2d 550, 551 (Ala.1994). Additionally, a trial court’s decision to grant or to deny a motion to alter, amend, or vacate a judgment will not be disturbed except for an abuse of discretion. Kent v. Kent, 624 So.2d 599 (Ala.Civ.App.1993). Also, “the ruling on a motion for new trial is within the discretion of the trial court and ... the trial court’s ruling on such a motion carries a strong presumption of correctness.” Boykin, supra, at 551.
The Hills contend that their motion should have been granted because they presented affidavits of two jurors stating that the Hills’ exhibits were not before the jury during its deliberations. The record shows that the Hills introduced into evidence five photographs and a list detailing the alleged damage to the trailer. However, the court reporter, in her “certificate for exhibits,” states that the Hills’ exhibits were marked for identification and received into evidence, but that upon inventory, none of the Hills’ exhibits was in her possession.
It is well established that “The question of whether an item of evidence will go into the jury room is largely left to the discretion of the trial judge.” C. Gamble, McElroy’s Alabama Evidence, § 10.04 (3d ed. 1977). Although it is generally the custom in Alabama to permit the jury to take items that have been introduced into evidence with them when it retires to deliberate, the trial court has measurable discretion as to the issue. Id.
*924 Nothing in the record indicates that the trial court refused to allow the evidence to go into the jury room. Indeed, it appears from the court reporter’s statement that the Hills’ evidence was never presented to the court reporter and that it was inadvertently not given to the jury for use in its deliberations. Additionally, the juror affidavits presented by the Hills do not say that their decision might have been different if the Hills’ exhibits had been with them in the jury room. Given these facts and the trial court’s wide discretion in determining whether to allow exhibits into the jury room, we cannot say that the trial court abused its discretion in denying the Hills’ motion.
Next, the Hills contend that the trial court erred in ruling on their post-trial motion without a hearing. A hearing was originally set for the motion, but the court continued it, and the motion was eventually denied without a hearing. In denying the motion, the trial court stated that it had considered the motions, affidavits, and arguments of the parties. The Hills contend that they claimed in their post-trial motion that the jury’s verdict for punitive damages was excessive, and that they are guaranteed a hearing on this ground, pursuant to Fuller v. Preferred Risk Life Ins. Co., 577 So.2d 878 (Ala.1991).
It is true that “if the movant alleges that the verdict exceeds an amount necessary to accomplish the purpose for which punitive damages are allowed in the first instance and excessively punishes him beyond the limits allowed by due process, he is entitled to a hearing on this ground.” Fuller v. Preferred Risk Life Ins. Co., 577 So.2d at 884. However, to be entitled to a hearing, the defendant must charge that the jury’s verdict “exceeds the amount that a jury may properly assess to vindicate the public and punish the defendant to deter him and others from similar conduct.” Id. at 885.
The Hills’ post-trial motion reads, in pertinent part: “Defendants state the Jury’s verdict was excessive and the result of bias, passion, prejudice, or other improper motive and this Court should order remittitur thereof.” This allegation is not specific enough to require a hearing on the Hills’ post-trial motion under Fuller v. Preferred Risk Life Ins. Co.
Next, the Hills contend that the verdict was contrary to the evidence and contrary to law because there was no substitution of parties after the death of Mary Jackson. They contend that Mary Jackson should have been dismissed as a party because the trial court no longer had jurisdiction over her claim after her death because there was no substitution of parties as required by Rule 25(a), Ala.R.Civ.P.
It is true that for a party’s claim to survive after his or her death, a proper substitution of the parties must be made under Rule 25(a)(1), and that if such a substitution is not made the trial court no longer has jurisdiction over that claim, and that claim must be dismissed. See Estate of Bell v. Bell, 598 So.2d 917 (Ala.Civ.App.1991); and Wells v. Wells, 376 So.2d 750 (Ala.Civ.App.1979). Rule 25(a)(2) further provides that, when there are multiple plaintiffs or defendants and the right sought to be enforced survives only as to the surviving parties, the action does not abate, but, instead, proceeds as to the surviving parties. Therefore, even if no party was substituted for Mary Jackson, Larry Jackson’s claim would still continue.
However, Rule 25(a)(1) requires that the death be suggested upon the record “by service of a statement of the fact of the death as provided [in this rule] for the service of the motion [for substitution of parties]” before the six months allotted for a motion for substitution begins to run. If there is not a proper suggestion of death upon the record, the claim cannot be dismissed for failure to substitute parties. See Kissic v. Liberty National Life Insurance Co., 641 So.2d 250 (Ala.1994). As the Hills point out in their brief to this court, there was no suggestion of Mary Jackson’s death upon the record. Therefore, her claim could not be dismissed for failure to substitute parties.
Even if we were to find that there was a proper suggestion of death upon the record and that Mary Jackson’s claim should have been dismissed, the record shows that, although her claim was not formally dis *925 missed, the ease proceeded as if it had been dismissed. The trial court told the jury on several occasions that the style of the case was Larry Jackson versus Sherril Hill and Terry Hill. The attorney for Larry Jackson referred only to “Mr. Jackson” as the plaintiff. The Hills did not question Larry Jackson about whether any of the property for which he was claiming compensation had belonged to Mary Jackson. The verdict read: “We, the Jury, find in favor of the Plaintiff, on his [conversion] claim and assess his damages at: Three Thousand Dollars ($3,000.00) Compensatory; Four Thousand Four Hundred Eighty Dollars ($4,480.00) Punitive; Seven Thousand Four Hundred Eighty Dollars ($7,480.00) Total” (emphasis added). Because the case was tried to the jury as if Mary Jackson was not a party and as if Larry Jackson was the only plaintiff, we cannot say that the trial court erred to reversal in not formally dismissing Mary Jackson’s claim. The failure to formally dismiss her claim, if such a dismissal was required, would have been harmless error. See Rule 45, Ala.R.App.P.
The Hills next contend that certain statements made by Jackson’s attorney during opening and closing arguments indicating that monetary damages were the only form of recovery available to Jackson on his claim for conversion were improper, and that the trial court erred in not giving a curative instruction. However, they did not object to these statements at trial. “A party who fails to object to matters at the trial level may not raise those matters for the first time as the basis for an appeal”. Costarides v. Miller, 374 So.2d 1335, 1337 (Ala.1979). “An objection must be made and a ground stated therefor or the objection and error are deemed to have been waived.” Id. Because the Hills did not object to the statements at the time they were made, they cannot raise on appeal the issue of whether the statements were improper and whether the trial court should have given a curative statement. “A pro se litigant must comply with legal procedures and court rules.” Jones v. Seibert, 624 So.2d 639, 640 (Ala.Civ.App.1993). “Courts are no more forgiving to pro se litigants than to those represented by counsel.” Id.
Finally, the Hills contend that the award of punitive damages was improper, and that the verdict was excessive and was the result of bias, passion, prejudice, or other improper motive. The Hills’ brief to this court on this issue fails to comply with Rule 28(a)(5), Ala.R.App.P. Rule 28(a)(5) “requires an appellant to present an argument containing ‘contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on.’ ” Jones v. Seibert, 624 So.2d at 640. Although the Hills’ brief contains citations to authorities, “those citations have little or no relevance to the issues which [they present].” Id.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.