THOMPSON, Judge,
dissenting.
I respectfully disagree "with the majority opinion.
The facts in Four Seasons, the ease relied upon by the majority, can be distinguished from the facts of this case. The Supreme Court of Alabama determined that there was an active misrepresentation in Four Seasons. The language in the letter Perdue received from the Board is arguably misleading, but it does not amount to an active misrepresentation.
Perdue’s argument that the letter was misleading ignores the language of the court order pertaining to his continuing to teach his classes while the final decision of the Board was pending. After the Board’s preliminary denial of Perdue’s renewal application for licensing, Perdue petitioned for an injunction in the form of a stay which would allow him to continue to teach until the Board’s final decision. In the order granting this stay in favor of Perdue, the trial judge ordered:
“2. That the decision of [the Board] shall be stayed until such time as the Court is notified that a final decision or order has been issued and, in the event [Perdue’s and the American Real Estate Institute’s] renewal applications are denied, then until the time for appeal or review to this Court has expired.
“3. That the Alabama Real Estate Appraisers Board, its agents, servants, employees and all entities acting in concert with them, shall take whatever action is necessary to approve and place on the Approved Education course lists those courses taught by Petitioners designated as USPAP and CA-1 until such time as this stay is rescinded by further Court order or operation of law.”
Thus, Perdue had notice from a court order for which he petitioned. He was informed that the time for appeal would begin to run from the time of the issuance of the Board’s final order. The language in this order from the circuit court granting Perdue’s stay dictated the progression of events and procedures to be followed by Perdue in his attempt to maintain his license.
The majority also appears to be persuaded by Perdue’s argument that he did not have an attorney at the time he received the Board’s order. Perdue is a litigant in this matter; he petitioned the circuit court for injunctive relief pending the final decision of the Board. Alabama law dictates that parties who act pro se are expected to comply with legal procedure. Jones v. Seibert, 624 So.2d 639, 640 (Ala.Civ.App.1993) (citing Black v. Allen, 587 So.2d 349 (Ala.Civ.App.1991)). “The operation of the courts of this state is governed by rules which are no more forgiving to a pro se litigant than to one represented by counsel.” Griffin v. Bank Street Finance, 587 So.2d 349, 349 (Ala.Civ.App.1991).
I disagree with the majority’s application of the rule from Four Seasons to the facts of this case. There was no active misrepresentation in this case. Perdue, as a litigant, is subject to legal procedure. The time for appeal should not be extended. I respectfully dissent.