THOMPSON, Presiding Judge.
 

 The present appeal marks the second time this case has been before this court. The issue the parties address in this appeal is whether the trial court erred when it determined that Thomas & Associates (“Thomas”) must pay certain disputed postjudgment interest on a judgment entered in favor of John A. Yasko III, the plaintiff. For the reasons set forth herein, we do not reach the merits of that issue because we conclude that the trial court was without jurisdiction to enter the judgment from which Thomas appeals.
 

 On January 11, 2008, the Walker Circuit Court entered a judgment finding Yasko totally and permanently disabled as a result of an injury arising out of his employment with Thomas and awarding him benefits pursuant to the Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975. Thomas appealed to this court. On October 14, 2008, while the appeal was pending, Yasko died, a fact that was not made known to this court. On February 20, 2009, this court affirmed the trial court’s judgment without an opinion.
 
 Thomas &
 
 Assocs.
 
 v. Yasko
 
 (No. 2070439), 46 So.3d 20 (Ala.Civ.App.2009) (table). Thomas filed a petition for a writ of cer-tiorari, which the supreme court denied on August 14, 2009.
 
 Ex parte Thomas &
 
 Assocs. (No. 1080659), 65 So.3d 495 (Ala.2009) (table). That same day, this court issued a certificate of judgment.
 

 On August 17, 2009, counsel for Thomas sent a letter to counsel for Yasko by facsimile transmission in which he indicated that he had calculated the amount due under the trial court’s judgment for temporary-total-disability benefits and post-judgment interest thereon, the attorney’s fee and postjudgment interest thereon, and accrued permanent-total-disability benefits and postjudgment interest thereon. He indicated that the total amount due under the judgment was $149,645.61. Thomas’s counsel asked Yasko’s counsel to review the figures included in the letter and to let him know if he had any questions about, or was in disagreement with, any of the figures. He stated that if Yas-ko’s counsel was in agreement with the figures, he would proceed with obtaining a check from Thomas to satisfy the judgment.
 

 Apparently counsel for the parties discussed the matter shortly after the August 17, 2009, letter was sent, because, on August 20, 2009, Thomas’s counsel sent a second letter to Yasko’s counsel in which he included “the revised numbers as we discussed.” In that letter, counsel for Thomas also asked that counsel for Yasko provide his tax-identification number and a Form W-9. Thomas’s counsel also asked how Yasko’s counsel “would like the checks made out.”
 

 On August 25, 2009, Thomas’s counsel sent a third letter to Yasko’s counsel in which he provided new figures on the basis that Yasko had died, thus lowering the amount of accrued permanent-total-disability benefits due. Thomas’s counsel again requested that Yasko’s counsel provide his tax-identification number and to let him know how he “would like the checks made out.”
 

 Discussions between counsel for the parties continued, and, for reasons not pertinent to our disposition of this appeal, a dispute arose between them as to whether Thomas was responsible for the payment of postjudgment interest accruing after
 
 *667
 
 August 28, 2009. On October 2, 2009, Thomas filed a motion with the trial court in which it requested that the trial court enter an order allowing Thomas to pay the judgment amount and interest into court. It argued that Yasko’s counsel’s actions had prevented it from satisfying the judgment. It asked that the trial court enter an order providing that postjudgment interest had stopped accruing as of August 28, 2009, and it argued that Yasko was estopped by his counsel’s actions from obtaining any postjudgment interest after that date.
 

 On December 2, 2009, Yasko’s counsel, purportedly on behalf of Yasko, filed a response to Thomas’s motion in which he argued that Thomas had never made an actual, unconditional tender of the amount of the judgment and that, as a result, postjudgment interest continued to accrue.
 

 On December 14, 2009, after a hearing on Thomas’s motion, the trial court entered an order allowing Thomas to pay the judgment amount, along with the undisputed amount of postjudgment interest, into court. The trial court’s order indicated that the trial court would rule at a later date on Thomas’s motion with regard to the proper calculation of postjudgment interest.
 

 On March 19, 2010, the trial court entered a judgment in which it concluded that Thomas was required to pay post-judgment interest until December 14, 2009, the date that it paid the amount of the judgment into court. The trial court found that Thomas had failed to tender payment of the judgment to either Yasko’s counsel or to the circuit clerk at any time before December 14, 2009, and that, as a result, postjudgment interest had continued to accrue until that date. The trial court awarded accrued postjudgment interest for the period of August 28, 2009, to December 14, 2009, of $4,069.44 to Yasko. Thomas appeals.
 

 On appeal, Thomas contends that the trial court erred when it ordered it to pay postjudgment interest for the period of August 28, 2009, to December 14, 2009, because Yasko’s counsel had thwarted its ability to tender payment of the judgment during that time. We do not reach that issue because we conclude that the trial court was without jurisdiction to enter the judgment from which Thomas appeals.
 

 As previously noted, Yasko died on October 14, 2008. Rule 25, Ala. R. Civ. P., provides that when a party dies and the claim is not extinguished by the party’s death, a proper party may be substituted for the dead party. However, it is undisputed that no one was substituted for Yas-ko in the trial court, and, as a result, Thomas was the only proper party before the trial court at the time the trial court entered its March 19, 2010, judgment regarding postjudgment interest.
 

 In
 
 Wells v. Wells,
 
 376 So.2d 750 (Ala.Civ.App.1979), a husband had filed a motion to amend a judgment of divorce pursuant to Rule 60, Ala. R. Civ. P. During the pendency of that motion, the wife died. The husband filed a motion to substitute the personal representative of the wife’s estate for the wife. The trial court denied the husband’s Rule 60 motion and stated that it would not rule on the husband’s motion to substitute. The husband appealed.
 

 On appeal, although neither party had raised the issue, this court determined that, because the representative of the wife’s estate had not been substituted for the wife, there had been no defendant before the trial court at the time it entered its judgment.
 
 Wells,
 
 376 So.2d at 751. Therefore, this court concluded, the trial court had been without jurisdiction to enter the judgment from which the husband had appealed, and this court reversed that judgment.
 
 Id. See also Estate of Bell v.
 
 
 *668
 

 Bell,
 
 598 So.2d 917, 918 (Ala.Civ.App.1991) (dismissing appeal because postjudgment motion was filed two days after death of purported movant and no substitution of parties had been made).
 

 In the present case, when the trial court entered the March 19, 2010, judgment, Thomas was the only party properly before it. Because no individuals had been substituted for Yasko, the trial court lacked jurisdiction to proceed in the action and to enter its judgment. The trial court’s judgment was therefore void, and it will not support the present appeal. As a result, we dismiss the appeal, and we instruct the trial court to vacate its judgment regarding postjudgment interest.
 

 The motion to substitute the appel-lee is denied.
 
 [1]
 

 APPEAL DISMISSED WITH INSTRUCTIONS.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . During the pendency of this appeal, this court ordered the parties to substitute a proper party for Yasko. The court should not have done so because Rule 43, Ala. R.App. P., which permits the substitution of parties on appeal, “applies to substitution when death of a party occurs in an appeal then pending.”
 
 Killough v. Killough,
 
 373 So.2d 336, 338 (Ala.Civ.App.1979). Yasko's death occurred before this appeal was filed.
 

 In compliance with this
 
 court's
 
 order, Yas-ko’s counsel filed a motion to substitute Yas-ko’s estate for Yasko. That motion is due to be denied because such a substitution is not appropriate under Rule 43.