THOMPSON, Presiding Judge.
In September 2005, Lavanual Carter and Margaret Carter (“the Carters”) filed a complaint against Gariy Lee Carter (“Garry”)[1] in which they sought the determination of a boundary line and an easement through a claim of adverse possession. Garry filed an answer. The Carters amended their complaint, and Garry answered the amended complaint. The record indicates that the action was dismissed in March 2009 but that it was almost immediately reinstated on the docket. The matter was scheduled for status conferences numerous times.
On March 20, 2012, the trial court entered an order scheduling the matter for a trial on May 23, 2012. On April 10, 2012, Garry’s attorney filed a motion to dismiss the action, arguing that Garry had died on April 28, 2008, and that, under Rule 25, Ala. R. Civ. P., the action should be dismissed because of the Carters’ failure to substitute parties.
On April 12, 2012, the trial court granted the motion to dismiss the Carters’ action. The Carters filed a postjudgment motion on April 18, 2012, in which they argued that the action could not be dismissed under Rule 25 because no suggestion of death had been filed in the trial court. The Carters filed a notice of appeal before the expiration of the 90 days allowed by Rule 59.1, Ala. R. Civ. P., for the trial court to rule on the postjudgment motion. The Carters’ notice of appeal is deemed to have been held in abeyance until the denial by operation of law on July *383 17, 2012, of the pending postjudgment motion, and the Carters’ notice of appeal became effective on that date. Carnes v. Carnes, 82 So.3d 704, 709-10 (Ala.Civ.App.2011). This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, the Carters argue that the trial court erred in dismissing their action under Rule 25(a)(1), Ala. R. Civ. P., which provides:
“If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5[, Ala. R. Civ. P.,] and upon persons not parties in the manner provided in Rule 4[, Aa. R. Civ. P.,) for the service of a summons, arid may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested wpon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall in the absence of a showing of excusable neglect be dismissed as to the deceased party.”
(Emphasis added.) The Carters argue that the six-month period allowed under Rule 25 for the substitution of parties was not triggered in this case because no suggestion of Garry’s death had been filed in the trial court. We agree.
Aabama courts have held that when a suggestion of death is not filed in the trial court, the six-month period for the substitution of parties is not triggered, and the action cannot be properly dismissed for the failure to substitute parties. Hill v. Jackson, 669 So.2d 921, 924 (Ala.Civ.App.1995) (“Rule 25(a)(1) requires that the death be suggested upon the record ... before the six months allotted for a motion for substitution begins to run.”); see also Kissic v. Liberty Nat’l Life Ins. Co., 641 So.2d 250, 252 (Ala.1994) (same).
A though Garry’s attorney did not favor this court with an appellate brief, we note that before the trial court he argued that the Carters were aware of Garry’s death. As support for that argument, Garry’s attorney submitted to the trial court a copy of a claim made by the Carters against Garry’s' estate. However, the fact that a party is aware of the death of another party is not sufficient to constitute a “suggestion of death” on the record as contemplated by Rule 25(a)(1). In Kissic v. Liberty National Life Insurance Co., supra, our supreme court held that passing references to the death of one of the parties that are contained in a pleading or a motion are not sufficient to constitute a suggestion of death upon the record for the purposes of Rule 25(a)(1). Our supreme court explained:
“It is quite simple under Rule 25 to start the running of the time period for substituting a proper party for a deceased party by filing a clearly designated ‘statement of the fact of death’ or ‘suggestion of death’ and by serving that statement in accordance with the requirements of the rule. Rule 1, [Ala.] R. Civ. P., states that our rules of civil procedure should be construed so as to secure the just determination of every action. It is not the purpose of our rules to foreclose or bar potentially meritorious claims. Hayes v. Brookwood Hospital, [572 So.2d 1251 (Ala.1990)]. Any construction of Rule 25 on our part that could, under certain circumstances, create a trap for an unwary attorney would surely violate the spirit, if not the letter, of our rules of civil procedure. Therefore, we conclude, as the federal *384 courts have, that requiring adherence to the simple procedure contemplated by Rule 25(a)(1) is preferable to embarking on a case-by-case review to determine under what circumstances the filing and service of a document during litigation would be sufficient to start the running of the six-month limitations period. For the foregoing reasons, we hold that neither the passing reference to Ronnie Kissic’s death contained in the crossclaim, nor the one contained in the motion for joinder, was sufficient under Rule 25 to start the running of the six-month period.”
Kissic v. Liberty Nat’l Life Ins. Co., 641 So.2d at 252 (emphasis added). See also Eason v. Bynon, 845 So.2d 817, 821 (Ala.Civ.App.2002) (a mention of a party’s death in an appellate brief does not constitute a “suggestion of death” under Rule 25(a)(1)).
In this case, under Alabama law, the six-month period for seeking to substitute parties had not been triggered because no suggestion of Garry’s death had been filed in the trial court. Accordingly, we conclude that the trial court erred in dismissing the Carters’ action for the failure to substitute parties.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. In some pleadings in this matter, Garry's name is spelled "Gary.” However, that alternate spelling is not consistent throughout the record on appeal. Garry's attorney did not favor this court with a brief on appeal.