MOORE, Judge.
John Saunders and Mike Saunders appeal from a judgment entered by the Henry Circuit Court ("the trial court") quieting title to a certain parcel of real property in Betty Ingram and John Ingram, Jr. We dismiss the appeal.
On September 28, 2012, the Ingrams filed a complaint against the Saunderses and a number of fictitiously named defendants, asserting, among other things, that Betty and John owned separate but contiguous parcels of real property in Henry County; that the Saunderses owned property adjoining that of the Ingrams; and that the Ingrams' predecessors in title and the Saunderses' predecessor in title had agreed that Abbie Creek and Skipper Creek would operate as the boundary line between the parties' respective properties. The Ingrams further asserted that, following that agreement, they and their predecessors in title had maintained exclusive possession of the property lying west of Abbie Creek and Skipper Creek that had been included in the property description in the deed conveying property to the Saunderses ("the disputed property"). The Ingrams sought a judgment from the trial court quieting title to their properties, including the disputed property. On October 16, 2012, the Saunderses filed an answer to the complaint. They also filed a counterclaim seeking a judgment declaring that the disputed property belongs to the Saunderses in fee simple; an adjudication of the boundary line between the Ingrams' properties and the Saunderses' property; and an award of costs, damages, and attorney's *106 fees resulting from the Ingrams' request for a restraining order.
A trial was set for February 28, 2013. On February 21, 2013, the Ingrams filed a motion seeking to continue the trial, asserting, among other things, that John was suffering from issues with his health and would be unable to attend or testify at the trial; that motion was granted, and the trial date was reset. After a number of continuances, a trial was set for February 25, 2014. On February 24, 2014, Betty filed a motion to continue the trial setting of the case;[1] she asserted that John had died on February 10, 2014, that "no [e]state ha[d] been commenced as of [that] date," and that it would "be necessary for a [p]ersonal [r]epresentative or [a]dministrator to be appointed and that person substituted as a party in interest pursuant to Rule 25 of the Alabama Rules of Civil Procedure, prior to the trial of this case." The trial court granted that motion to continue.
Following an order in which the trial court requested to be advised of the status of the case and another order indicating that the case would be dismissed for "no action," the trial court entered an order on January 20, 2015, dismissing the case for "lack of action." On January 21, 2015, Betty filed a motion to reinstate the case, asserting that the case "is and has been ready for trial and is waiting on the Court to set the trial date." The trial court granted that motion, reinstated the case, and set the case for a trial, which was conducted on October 8, 2015. After the close of all of the evidence, the following exchange occurred between the trial judge and Betty's attorney:
"THE COURT: My first question ... is, who's actually the plaintiff now? It started out as Betty and John Ingram. Obviously, John Ingram is deceased.
"[Counsel for Betty]: Judge, and we revised the case in the name of his estate.
"THE COURT: So, you filed-the only thing I could find ... is you filed a motion to continue one time to amend in-
"[Counsel for Betty]: And we did that.
"THE COURT: You're telling me. Because, typically, she hits one print button and it prints off everything, and I didn't see it.
"[Counsel for Betty]: We amended and filed to bring in the estate. That's why Pam [Taylor] is sitting here, because she is the personal representative of the estate.
"THE COURT: As long as you tell me you're sure, I'm not going to go back and check.... So, you're sure?
"[Counsel for Betty]: Yes, sir."
Following those representations by Betty's attorney, the trial was concluded after an unrelated discussion between the trial judge and the attorneys for the parties. On December 4, 2015, the trial court entered a judgment that stated: "After trial, judgment entered for plaintiff." Both Betty and the Saunderses filed postjudgment motions, and, on February 25, 2016, the trial court entered a new judgment in response to Betty's postjudgment motion in which it quieted title to the disputed property in Betty, as it related to the property in her name, and quieted title to the disputed property in "the Estate of John Ingram, as *107 substituted Plaintiff," with regard to the property in John's name. That same day, the trial court entered an order denying the Saunderses' postjudgment motion. The Saunderses filed their notice of appeal to the Alabama Supreme Court on March 31, 2016; that court subsequently transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
After the appeal was transferred to this court, this court entered an order directing Betty and the Saunderses to submit letter briefs regarding (1) whether the February 24, 2014, motion to continue initiated the running of the period contemplated in Rule 25, Ala. R. Civ. P., for filing a motion to substitute a proper party; (2) whether a motion to substitute a proper party for John had been filed in the trial court; and (3) whether, at the time the trial court entered its judgment, the trial court retained jurisdiction over the claims raised in the complaint insofar as they related to the property that had been owned solely by John. Betty and the Saunderses submitted letter briefs; they agree that no motion to substitute a proper party for John had been filed following his death, and we agree that there is no such motion in the record. Betty and the Saunderses disagree, however, as to the two remaining issues, and, thus, we address those issues in turn.
Rule 25(a)(1), Ala. R. Civ. P., provides:
"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5[, Ala. R. Civ. P.,] and upon persons not parties in the manner provided in Rule 4[, Ala. R. Civ. P.,] for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall in the absence of a showing of excusable neglect be dismissed as to the deceased party."
It is undisputed on appeal that the claims before the trial court relating to the property owned solely by John survived in favor of his personal representative upon John's death. See Wells v. Wells, 376 So.2d 750, 751 (Ala. Civ. App. 1979) ("Under present Alabama statutory law, legal and equitable claims survive in favor of and against the personal representative of a deceased. § 6-5-460 et seq., [Ala. Code 1975]." (emphasis omitted) ). It is also undisputed, however, that, in the present case, no personal representative was substituted as a party pursuant to Rule 25(a)(1). The Saunderses argue in their letter brief that the February 24, 2014, motion to continue was a proper suggestion of death as contemplated in Rule 25(a)(1) and, thus, that the six-month period for substitution addressed in the rule began to run at the time of its filing. We disagree.
In Kissic v. Liberty National Life Insurance Co., 641 So.2d 250, 252 (Ala. 1994), our supreme court determined that "[i]t is quite simple under Rule 25 [, Ala. R. Civ. P.,] to start the running of the time period for substituting a proper party for a deceased party by filing a clearly designated 'statement of the fact of death' or 'suggestion of death' and by serving that statement in accordance with the requirements of the rule." Our supreme court noted in Kissic that Rule 25(a)(1) also requires that service of the clearly designated suggestion of death on the successor or representative *108 of the deceased party's estate must be served pursuant to Rule 4, Ala. R. Civ. P. Id. at 253. The supreme court further noted that, because the personal representative of the decedent's estate in that case had not been served with a proper suggestion of death in accordance with Rule 4, the six-month limitations period of Rule 25(a)(1) would not have begun to run. Id. See also Kaldawy v. Gold Serv. Movers, Inc., 129 F.R.D. 475 (S.D.N.Y. 1990) (concluding that the federal version of Rule 25(a)(1), Ala. R. Civ. P., prevented the filing of a proper suggestion of death until a representative had been appointed and properly served with notice as required by the rule); and Gronowicz v. Leonard, 109 F.R.D. 624 (S.D.N.Y. 1986) (concluding that, according to the federal version of Rule 25(a)(1), the suggestion of death must identify a representative or successor to be valid).
In the present case, the February 24, 2014, motion to continue indicated that no personal representative had been appointed as of that date. Thus, that motion could not have been served on the personal representative of John's estate such that the six-month limitations period of Rule 25(a)(1) would have begun to run. See Kissic, supra. Additionally, because no suggestion of death had been properly filed in the trial court in accordance with Rule 25(a)(1) and the six-month limitations period in that rule had not begun to run, dismissal of the claims relating to John's property by the trial court would not have been appropriate. See Carter v. Carter, 110 So.3d 382, 384 (Ala. Civ. App. 2012) (concluding that the trial court in that case had erred in dismissing the action for failure to substitute parties when the six-month period for seeking to substitute parties had not been triggered because no suggestion of death had been filed). That is not the end of our inquiry, however.
In Wells, supra, this court reversed a judgment that had been entered in favor of the deceased wife, who was the defendant. 376 So.2d at 751. We determined that, although the trial court in that case had had subject-matter jurisdiction over the claims at issue, there was no defendant before the court following the wife's death because no party had been substituted. 376 So.2d at 751. In Thomas & Associates v. Yasko, 63 So.3d 665, 668 (Ala. Civ. App. 2010), this court determined that, following the death of the sole plaintiff, a judgment regarding postjudgment interest was void because there was no plaintiff before the trial court, no individual had been substituted for the plaintiff, and, as a result, the trial court had lacked jurisdiction to proceed in the action and to enter its judgment. In Hill v. Jackson, 669 So.2d 921 (Ala. Civ. App. 1995), a husband and a wife filed an action alleging conversion against a couple, from whom they had rented a mobile home, following the couple's removal of the husband's and the wife's personal property from the mobile home. The wife died before the case was called for trial, but the case proceeded with only the husband as the plaintiff, although the wife's claim was not formally dismissed. 669 So.2d at 923. Because there were multiple plaintiffs, however, and the right sought to be enforced in that case survived only as to the surviving party-the husband-the husband's claim continued and proceeded, and we determined that any failure to formally dismiss the wife's claim would have been harmless error. Id. at 924-25. Unlike in Hill, Betty could not stand as the singular plaintiff for both her claims and John's claims because Betty and John owned separate parcels of real property. Like in Wells and Thomas, the trial court did not have jurisdiction over the claims relating to the property owned by John because, as discussed above, following *109 John's death, there was no substitution of the proper party.
Citing Wells, supra, Betty's counsel argues in his letter brief that, in the present case, the requirement of formal substitution in Rule 25 was waived. In Wells, a husband had filed a motion, pursuant to Rule 60, Ala. R. Civ. P., to modify a judgment divorcing him from his wife. 376 So.2d at 750. The wife died during the pendency of the husband's petition to modify, and the husband requested a substitution of the party. Id. The trial court denied the husband's Rule 60 motion and declined to rule on the husband's motion to substitute. Id. at 750-51. This court determined that, following the death of the wife, there was no defendant before the trial court. Id. at 751. This court stated, in pertinent part:
"It would be possible, under proper circumstances, for the personal representative of the deceased to waive the formal substitution of Rule 25(a) [, Ala. R. Civ. P.,] and for the court to obtain jurisdiction over such a person. See, Vaughan v. Vaughan, 258 Ala. 336, 62 So.2d 466 (1952) ; Osbourn v. LoBue, 256 Ala. 121, 53 So.2d 610 (1951). That is, if the 'proper party' actually defends the suit, such defense may constitute a waiver by that 'proper party' of the right to a formal substitution. However, in the instant case no such personal representative defended the husband's petition. Therefore, no waiver occurred and the court did not obtain jurisdiction under any theory of waiver."
Id. In so concluding, we noted that there was nothing in the record indicating that the deceased wife's attorney had status as the legal representative of her estate. Id. In the present case, Betty's counsel argues in his letter brief that, at the trial in the present case, Pam Taylor, the personal representative of John's estate, "appeared and through [the same counsel as Betty's] counsel prosecuted, without objection, the claims of the estate and defended against the claims of the [Saunderses]." He argues that, because Taylor, as the "proper party," was present and prosecuted the action, her defense constituted a waiver of the right to a formal substitution as contemplated in Wells.
In Hill v. Lyons, 550 So.2d 1004, 1005 (Ala. Civ. App. 1989), after a divorce judgment had been entered, the husband died shortly thereafter and the wife filed a motion to set aside the judgment of divorce. After ore tenus proceedings, the trial court entered an order nullifying the divorce judgment. Id. In Lyons, the administrator of the estate of the deceased husband was present and represented by counsel at the ore tenus proceedings; he testified that he had been appointed as administrator, his counsel cross-examined witnesses and, in general, he defended the interests of the husband's estate at that proceeding. Id. at 1005-06. This court determined that those actions of the administrator of the estate constituted a waiver of the formal requirements of Rule 25(a)(1), regarding substitution of the parties, and that jurisdiction over the estate was proper in that case. Id. at 1006.
In his letter brief, Betty's counsel asserts that Taylor "appeared and through [the same counsel as Betty's] counsel prosecuted, without objection, the claims of the estate and defended against the claims of the [Saunderses]." We note, however, that, with the exception of the statement made by Betty's attorney at the trial that "Pam" was the personal representative of John's estate, Taylor did not otherwise participate in the proceedings whatsoever. There is no testimony indicating that Taylor had been appointed as the personal representative of John's estate; Taylor herself did not testify or otherwise participate in the trial; and, like in Wells, supra, there is nothing *110 in the record indicating that Betty's attorney had status as the legal representative of John's estate. Although Betty's counsel makes assertions in his letter brief regarding Taylor's appointment as the personal representative of John's estate and Taylor's representation by counsel at the trial, "[a]n appellate court is confined in its review to the appellate record[;] that record cannot be 'changed, altered, or varied on appeal by statements in briefs of counsel,' and the court may not 'assume error or presume the existence of facts as to which the record is silent.' " Beverly v. Beverly, 28 So.3d 1, 4 (Ala. Civ. App. 2009) (quoting Quick v. Burton, 960 So.2d 678, 680-81 (Ala. Civ. App. 2006) ). We conclude, therefore, that, unlike in Lyons, there was no waiver of the formal requirements of Rule 25(a)(1) regarding substitution of the parties in the present case.
Having determined that the formal requirements of Rule 25(a)(1) were not complied with in the present case and that no waiver of those requirements occurred, we conclude that the trial court's judgment is void insofar as it purports to adjudicate the claims and counterclaims relating to the property owned solely by John. Unlike in Hill v. Jackson, supra, the claims and counterclaims speaking to the property owned solely by John survived his death and could not be prosecuted or defended in Betty's name because they did not own the property jointly. Rather, those claims and counterclaims remain pending before the trial court until a substitution is made or a proper suggestion of death is filed on the record such that the limitations period in Rule 25(a)(1) begins to run and dismissal is ultimately required if a substitution is not made. Betty could, however, pursue those claims and defend against those counterclaims relating to the property owned in her own name. See Hill v. Jackson, supra. That being said,
" ' "[i]t is a well-established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved." ' Powell v. Powell, 718 So.2d 80, 82 (Ala. Civ. App. 1998), quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala. 1981). 'A ruling that relates to fewer than all the parties in a case, or that determines fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims.' Powell, at 82. See Rule 54(b), Ala. R. Civ. P. 'A "final judgment is a 'terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.' " ' Powell, at 82, quoting Dees v. State, 563 So.2d 1059, 1061 (Ala. Civ. App. 1990). 'The question whether an order appealed from is final is jurisdictional, and the reviewing court, on a determination that the order is not final, has a duty to dismiss the case on its own motion.' Powell, at 82."
Hinson v. Hinson, 745 So.2d 280, 281 (Ala. Civ. App. 1999).
In the present case, because the trial court's purported adjudication of the claims and counterclaims relating to the property belonging solely to John is void, any resolution of the claims relating to the property belonging solely to Betty was an adjudication of fewer than all the claims presented in the complaint. Accordingly, the trial court's judgment is not final, and this court is required to dismiss this appeal for lack of jurisdiction.[2]
*111 Based on the discussion herein, we dismiss the Saunderses' appeal as being from a nonfinal judgment.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

Although the motion to continue and subsequent filings in the trial court and on appeal refer to the parties as the "plaintiffs," "the appellees," or the "Ingrams," as discussed later in this opinion, Betty was the sole remaining plaintiff before the trial court, and thus is the sole appellee before this court, following the filing of the February 24, 2014, motion to continue. We have restyled the appeal accordingly.

" ' "[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987). Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal. Hamilton ex rel. Slate-Hamilton v. Connally, 959 So.2d 640, 642 (Ala. 2006). A judgment is not final if it fails to completely adjudicate all issues between the parties. Giardina v. Giardina, 39 So.3d 204, 207 (Ala. Civ. App. 2009) (citing Butler v. Phillips, 3 So.3d 922, 925 (Ala. Civ. App. 2008) ).'
"Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala. Civ. App. 2010). 'An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties.' Carlisle v. Carlisle, 768 So.2d 976, 977 (Ala. Civ. App. 2000) (citing Rule 54(b), Ala. R. Civ. P., and Ex parte Harris, 506 So.2d 1003, 1004 (Ala. Civ. App. 1987) )."
Whatley v. Howe, 177 So.3d 475, 477 (Ala. Civ. App. 2015).